EDWARD HINES YELLOW PINE TRUSTEES *v.* STEWART *et al.**

(En Banc.    May 12, 1924.)

[100 So. 12.    No. 23739.]

JUDGMENT.    *Judgment in action for injuries revived in name of wife as executrix held res judicata in her subsequent action for damages sustained by herself and children.*

A servant sued his master for damages for personal injuries caused by the wrongful act of the master, and while the suit was pending the plaintiff died from such injuries, leaving a wife and children.    The wife, as his executrix, had said cause revived in her name as such executrix under section 2093, Code of 1906 (section 1760, Hemingway's Code), and recovered therein a judgment against the defendant for the injuries suffered by the decedent.    The executrix then brought another suit on behalf of herself and children under section 721, Code of 1906, as amended by chapter 214, Laws of 1914 (Hemingway's Code, section 501), to recover for the injuries suffered by them on account of the death of said decedent.    *Held*, that under said latter statute giving the wife and children the right to recover for the injuries suffered by them on account of the death of the said decedent, as well as the injuries suffered by him in his lifetime, and authorizing either the wife and children or the personal representative of the decedent to sue for and recover for such injuries, and providing that there shall be but one suit for the same death, the judgment in the former suit was *res judicata* of the issues involved in the latter suit.

ETHRIDGE, J., dissenting.

*Headnote 1.    Judgments, 23 Cyc, p. 1275.

APPEAL from circuit court of Pearl River county.

HON. J. Q. LANGSTON, Judge.

Suit by Mrs. Pauline Stewart and others against Edward Hines Yellow Pine Trustees.    Judgment for plaintiffs, and defendants appeal.    Reversed and judgment rendered.

*T. J. Wills, H. C. Holden* and *Davis & Wallace,* for appellants.

The first suit was brought for the injury to Stewart in his lifetime, revived by his executrix, and prosecuted

to judgment. The second, or present suit, was brought by the widow and children of Stewart for his death. It was the contention of the defendants, presented in various ways in the court below, that the damages recovered in the first suit included all damages that could be recovered for the injury, and that the second suit was barred; that the first suit exhausted the cause of action for the injury.

It is the contention of the appellants now that the appellee should not have been permitted to maintain this second suit and recover judgment in the lower court because her alleged right to recover for the injury and death was extinguished or exhausted by virtue of the former suit, and because the judgment in the former case was a bar to recovery in the present case.

I. *Only one action is maintainable under our statutes.*

The two statutes involved in this case are section 501 and section 1760, Hemingway's Code. So far as the writer has been able to ascertain after earnest examination of the reports, this court has only once construed these two statutes, in reference to the question as to whether or not two separate suits may be brought, since the decision in *Hamel* v. *Southern R. Co.,* 108 Miss. 172, 66 So. 426, 809. The Hamel case was decided without consideration of the amendment to section 721, Code of 1906, by chapter 214, Laws of 1914.

The amendment of 1914 was not construed by this court in its decision of the Hamel case. That decision was based entirely upon the statutes as written prior to 1914. The decision of the court was rendered in November, 1914, but the cause of action arose before the amendment was made by the legislature, so that the case was governed by section 721, Code of 1906, as it read prior to its amendment in 1914. It is submitted that the decision in the Hamel case cannot be controlling in this case because it did not deal with the amendment of 1914, and the present case must be decided in the light of that amendment.

The federal statutes on this subject are practically identical with the two statutes of this state. The federal Employers' Liability Act, as amended, contains two sections which are almost word for word the same as sections 501 and 1760, Hemingway's Code. (U. S. Compiled Statutes 1918, pages 1384-85, sections 8657 and 8665). And the Federal courts have ruled that under these federal statutes there can be but one suit in which all damages to the decedent and to the heirs must be obtained or not at all.

The United States supreme court has held that there cannot be two suits, that there can be only one suit, whether this be a suit revived by the personal representative, or a suit begun by the personal representative, or whether it be a suit by the heirs and next of kin. *St. Louis R. Co. v. Craft,* 237 U. S. 648, 59 L. Ed. 1160; *Kansas City Southern R. Co.* v. *Leslie,* 238 U. S. 599, 59 L. Ed. 1478; *Great Northern R. Co.* v. *Capital Trust Company,* 242 U. S. 144, 61 L. Ed. 208; *Moffett* v. *Baltimore R. Co.,* 220 Fed. 39, 135 C. C. A. 607; *Northern Pacific R. Co.* v. *Maerkl,* 198 Fed. 1, 117 C. C. A. 237.

Some of the state courts have also construed the federal statutes in like manner. *St. Louis, etc., R. Co.* v. *Rodgers,* 118 Ark. 263, 176 S. W. 696; *St. Louis, etc., R. Co.* v. *Conarty,* 106 Ark. 421, 155 S. W. 93; *Chopin* v. *Norfolk, etc., R. Co.,* (W. Va.), 93 S. E. 822.

This court held in *Bussey* v. *R. R. Co.,* 79 Miss. 567, 31 So. 212, and in *Pickens* v. *Railroad,* 92 Miss. 210, 45 So. 868, that under section 721, Code of 1906, there can be but one suit.

The only case decided by this court, since *Hamel* v. *Railroad, supra,* which is similar in facts to the instant case is *Harris* v. *Railroad,* 111 Miss. 623, 71 So. 878. Harris sued for personal injury and obtained a judgment from which an appeal was pending when he died. Subsequently, Harris's widow filed suit under section 501, Hemingway's Code. The defendant successfully pleaded the former suit by Harris himself as a bar to the suit of

his widow. This court affirmed the case, holding that the cause of action for the injury was exhausted when Harris obtained his judgment even though an appeal therefrom was pending in the supreme court. Harris' own case on appeal was revived by Mrs. Harris as administratrix and subsequently affirmed.

It is submitted, in all earnestness, that there is no real difference, in law or in reason, between a recovery by the injured person in his lifetime and a recovery by revival after death. In both instances the cause of action for the injury is exhausted. This, in effect, is the holding of the court in the Harris case.

The distinction drawn by Justice SAM COOK, in the Hamel case, between sections 2091 and 2093, Code of 1906 (sections 1758 and 1760, Hemingway's Code) is wholly artificial and without a sound basis in reason or law. For a discussion of survival and death statutes, similar to our own see 17 Corpus Juris at page 1187. Numerous authorities are cited by the text, among which are: *Railroad* v. *Hicks,* 91 Miss. 273, 46 So. 260; *Pickens* v. *Railroad, supra; Railroad* v. *Phillips,* 64 Miss. 693, 2 So. 537.

It is submitted that this court should and will adopt the rule promulgated by the federal courts in construing the federal act. Otherwise, it is readily foreseen that should a case of this kind arise in the state courts based upon the federal act this court would necessarily follow the decisions of the federal courts in applying the act, and thus we would have one rule applicable to cases under the state statutes and exactly the opposite rule applicable to cases under the federal statutes, although the state and federal laws are virtually identical in their provisions. Such a state of affairs in our jurisprudence is surely to be opportunely avoided.

*H. C. Holden,* for appellants, *in response to the court on the following question*:

"Are the appellees in such privity with the administratrix of Stewart's estate as to cause the former judgment adjudicating the appellants' liability to be conclusive here?"

The first suit was brought by Stewart in his lifetime and revived by his widow as administratrix of his estate. The second suit was brought by the widow and the heirs under section 501, Hemingway's Code, which gives a right of action for the death of a person injured by the negligence of another. This being true, the question then is whether or not there was privity between the administratrix of Stewart's estate and the widow and heirs of Stewart, so as to make the record and judgment in the first case *res adjudicata* as to liability of the defendants in the second or present case.

It is the contention of the appellants that not only was the record and judgment in the former case not *res adjudicata* or conclusive against the defendants in the second or present case, but also that the record and judgment in the former case were inadmissible and incompetent evidence and should have been excluded when offered by the plaintiffs. The doctrine of *res adjudicata* is defined in 15 R. C. L., pp. 950-953, par. 429. See, also, 23 Cyc. 1237; 23 Cyc. 1243 to 1245; 15 R. C. L. at page 1023 to 1024, par. 497.

Applying the rule to the relationship of parent and child, see 15 R. C. L. at page 1022, par. 495. Parties and privies are defined in *Lipscomb* v. *Postell,* 38 Miss. 489. The court held in this case that there is no privity existing between a guardian, executor, or administrator, and his surety on his official bond, and that a judgment against the former does not conclude the latter. See, also, *McLaughlin* v. *Green,* 48 Miss. 207; *Champion* v. *Gayce,* 54 Miss. 605.

Summing up the question at issue in the light of the above authorities, it is submitted that there is no privity between the administratrix of Stewart's estate on the one

hand and the widow and heirs of Stewart on the other hand so as to make the liability of the defendants *res adjudicata* by reason of the record and judgment in the first case.

Far from being concluded by the record and judgment in the first case, the appellants insist that the record and judgment in the first case were inadmissible and incompetent as evidence against them and should have been excluded. Evidence contained in the record of one case is not admissible or competent in another case unless the second case is between identically the same parties concerning identically the same issues and subject-matter. 10 R. C. L., p. 970, pars. 151 and 152; 22 C. J., p. 427, par. 510; page 428, par. 513; page 429, par. 514; page 430, par. 515.

This general rule is also stated and discussed and numerous authorities cited in an elaborate note contained is Volume 21 Ann. Cas., at page 179. The rule there stated is that evidence given at any trial is not admissible or competent in another unless the parties and the issues in both cases are the same. One of the cases cited in the above note is that of *Metropolitan Street R. Co.,* v. *Gumby,* 99 Fed. 192, 39 C. C. A. 455. See, also, *Jacob Tome Institute* v. *Davis,* 87 Md. 591, 41 Atl. 166; *Burnham* v. *Burnham,* 62 N. Y. S. 120, affirmed without opinion 165 N. Y. 659, 59 N. E. 1119. A case exactly in point is *Henry* v. *Missouri, Kansas & Texas Railway Company,* 98 Kan. 567, 158 Pac. Ann. Cas. 1918E, 1094. See too, *Washburn* v. *Phillips* (Miss.), 6 Sm. & M. 425. The court is especially referred to note collating the authorities on this point. (Ann. Cas. 1918E, 1096.)

*Parker & Shivers* and *J. W. Cassedy,* for appellee.

The declaration in the former suit, it will be remembered, was filed by the deceased in his lifetime, and of course could not ask for damages for his death, which occurred after the filing of the declaration.

Appellants do not contend that section 721, of the Code of 1906, as amended by chapter 214 of the Laws of 1914, abrogates the right of the administratrix to revive and prosecute a decedent suit under section 2093 of the Code of 1906. In fact this proposition is, that such procedure was not only authorized but was correct so much so that it bars the action now prosecuted under section 721, as amended. In other words, they hold that the administratrix of the estate of H. E. Stewart could maintain an action under either section. But when she elected to pursue the decedent's original suit, by reason of her said election, she forfeited her right to bring the present action under section 721.

Before the appellants' contention will be good in law, it will have to appear that the administratrix elected between inconsistent remedies. 20 C. J., page 26, section 18 C; 9 R. C. L., pages 958, 959, section 3; 8 R. C. L., pages 732, section 27; 8 R. C. L., page 725, section 21.

Though there are two lines of authority, the view expressed by the texts is supported by the better reason. See: *Stewart* v. *United Electric Light & P. Co.,* 65 Atl. 49, 8 L. R. A. (N. S.) 384; *Thomas* v. *Murray, Administrator* v. *Omaha Transfer Co.,* 95 Neb. 175, 145 N. W. 360.

The legislature of the state has never seen fit to deny the right of the administrator to revive a suit under section 2093. They have never seen fit to legislate on the subject since the amendment by the Acts of 1914, to section 721. They have never seen fit to change the law since the decision of the case of *Hamel* v. *R. R. Co.* We submit that the two sections of the Code under review give rise to two separate causes of action, said causes of action being concurrent.

Each party has plead the former suit as *res adjudicata,* therefore neither can question the facts of the similarity of parties on the subject-matter, other than as pleaded by the respective parties. 15 R. C. L., page 949, sec. 429; 15 R. C. L., p. 973, sec. 450; 15 R. C. L., p. 076, sec. 451.

Some of the leading cases on this subject are the following: *Nathan C. Russell* v. *Isaac V. Place,* 94 U. S. 606, (L. Ed.) 24, p. 214; *State of Okla.* v. *State of Texas,* 256 U. S. 69-93, 65 U. S. (L. Ed.) 831; *Cromwell* v. *Sac County,* 94 U. S. 351, 24 U. S. (L. Ed.) 195; *Southern Pac. R. Co.* v. *U. S.,* 168 U. S. 1, 42 U. S. (L Ed.) 355; *N. O.* v. *Citizens Bank,* 167 U. S. 371, 42 U. S. (L. Ed.) 202; *Aspending* v. *Nixon,* 11 U. S. (L. Ed.) 1059; *Lastchance Mining Co.* v. *Carl R. Haye,* 64 U. S. (L. Ed.) 286; *Baldwin* v. *Hancey* (Ill.), 68 N. E. 560; *Chicago Title and Trust Co.* v. *Moody* (Ill.), 84 N. E. 655.

For Mississippi authority see *Davis* v. *Hart,* 6 So. 318, 66 Miss. 642; *Williams* v. *Luckett,* 26 So. 967, 77 Miss. 394; *Gross* v. *Todd,* 47 So. 901, 92 Miss. 42. We especially call attention of the court to a late decision of the supreme court of the United States: *State of Okla.* v. *State of Texas,* 66 U. S. (L. Ed.) 831, *supra.*

We turn now to the decisions cited by our learned friend by which decisions he undertakes to show to the court that our statute is now similar to the federal Employers' Liability Act, and therefore the same holding should be made as to the two.

In reply to this, we suggest as we have pointed out, heretofore, that the difference arises first from the fact that the Employer's Liability Act is treated by the courts as a survival statute while our statute in fact does (and the court so holds), create a new cause of action. This fact appears from the case mostly relied on by counsel for appellant, i. e. *Northern Pacific R. Co.* v. *Maerkl,* 198 Fed. 1, 117, C. C. A. 237.

*Parker & Shivers* and *J. W. Cassedy,* for appellees in response to questions of the court.

''Are the appellees in such privity with the administrator of Stewart's estate as to cause the former judgment adjudicating the appellants' liability to be conclusive here?'' See section 1760 of Hemingway's Code.

Also see *Hamel* v. *Southern Railroad Co.*, 108 Miss. 172, 66 So. 426, 809.

From a reading of the decision in the above case, both the original opinion and the opinion on suggestion of error, it will be clearly seen that all the statutes with reference to the bringing of suits for personal injury ought to be construed together as one scheme by which the rights of the parties are to be determined.

In a case, however, where suit was brought by the person injured, and where this suit is pending in court and untried, and where the injured party dies, the right to revive and continue this suit is given in the *Hamel case, supra,* and this necessarily works a severance or division in the collection of the damages caused by the wrongful injury and death, because, as stated in the Hamel case, the damages recovered in the revived action are confined to the damages sustained by the deceased person up to the time of his death, and in such suit no damages can be recovered for the benefit of the widow and children. Now, but for the fact that suit was pending, and the party injured died without having tried his suit, the identical damages in the prior suit would have been recovered in the suit now pending before this court, and could have been recovered in the name of the executrix, or in the name of the widow and children.

From sections 1816, 501 & 1716, Hemingway's Code, it will be seen that a judgment for damages on account of personal injuries is not a part of the general estate of the deceased person; but, to the contrary, is given in each instance, both in the revived suit, and also in the suit for the death provided for by section 501, to the beneficiaries named, and in this case the widow and children, who are now suing.

The executrix in this case represented only the widow and four children. If in the trial of this revived suit the appellants had been successful, and the court had adjudicated that they were not liable to the deceased, Stewart, for damages sustained by him on account of

their negligence, then the widow and children in the present case, bringing their suit under section 501, would necessarily be barred, because the judgment in the revived suit could have been rendered on no other theory than that there was no negligence on the part of the defendants. If this be true, then it certainly follows if the court has adjudicated in the revived suit that the defendants in that suit were guilty of negligence, and such negligence was the proximate cause of the injury to the deceased, Stewart, appellants ought likewise to be bound.

As we understand the law, in dealing with matters of this sort, it is for the purpose of making it unnecessary for the same issue of fact to be litigated in a court of justice more than one time. In this case it is admitted that the same act of negligence is the subject of controversy in each suit; it is admitted that the same person injured is the subject of controversy in each suit; it is admitted that the executrix in the first suit represented only the widow and four children, and that the widow and the four children are the only persons interested in this suit; it is admitted that the same defendants are involved in both suits.

We, therefore, submit to the court that there is an identity of persons, and that there is an identity in the interests of the persons, and that there is an identity of cause of action, in so far as the question of liability is concerned; and the only difference between the two suits is that, by reason of the fact that a right of revival was given, in this special instance, the items of damages recoverable are separate, and but for this statute they would likewise have been joined together and recovered in one suit only.

ANDERSON, J., delivered the opinion of the court.

Appellee, Mrs. Pauline Stewart, for herself and on behalf of her four minor children, the other appellees, sued appellants, Edward Hines Yellow Pine Trustees, in

the circuit court of Pearl river county for damages suffered by appellees on account of the alleged wrongful death at the hands of appellant of H. E. Stewart, the husband and father of the appellees, and recovered a judgment in the sum of fifteen thousand dollars from which appellants prosecute this appeal.

We shall discuss only one assignment of error, the refusal of appellants' request for a directed verdict, for the conclusion we reach on that question disposes of the whole case. The basis of this assignment of error is that the questions involved are *res judicata;* that in a former suit between the same parties or privies involving the same cause of action there was a final judgment, and that such judgment exhausted and extinguished the rights of the parties to this cause. The facts out of which this question arises are as follows: On July 16, 1920, said decedent, H. E. Stewart, while employed as superintendent of railroad construction for appellants, was injured. On March 10, 1921, H. E. Stewart brought suit against the appellants for said injury upon the ground that it had been caused by the wrongful act of appellants. While this suit was pending, and on July 14, 1921, said Stewart died. The suit he had brought was thereupon revived under section 2093, Code of 1906 (Hemingway's Code, section 1760), in the name of his widow, appellee Mrs. Pauline Stewart, as executrix. That cause proceeded to trial, resulting in a judgment for the plaintiff in the sum of seven thousand, five hundred dollars. The wrongful act of appellants upon which that action was based and upon which recovery was had, namely, the injury to said decedent from which he died, is the basis of the present action. In the first action appellee, Mrs. Pauline Stewart, as executrix, sought to recover for the injury done said decedent, and for which he had sued in his lifetime, which suit after his death was revived in her name as executrix. In the present action appellees, the widow and children of said decedent, sought to recover for the injury they had suffered

on account of the wrongful death of said decedent. The question is whether or not under section 721, Code of 1906, as amended by chapter 214, Laws of 1914 (Hemingway's Code, section 501), there can be two such recoveries.

Appellants' contention is that since the amendment of said statute authorizing the personal representative of the decedent to sue for the injury done the latter as well as that suffered by the beneficiaries designated by the statute there can be but one suit in which all damages to any and all interested parties must be included. On the other hand, appellees contend that, notwithstanding said amendment, where, as in this case, the decedent sues for the injury to him, and then dies, and his suit is revived in the name of his personal representative, the latter may, without bringing in by amendment or otherwise the damages suffered by the beneficiaries under the statute, prosecute such action to final judgment, recovering alone for the injury to the decedent.

Appellants' position is sustained by the federal courts, including the supreme court of the United States, in construing the federal Employers' Liability Act (chapter 149, section 1, 35 Stat. 65; chapter 143, section 1, 36 Stat. 291; U. S. Comp. Stat. 1918, sections 8657 to 8665, inclusive). The first section of that act and the amendment of April 5, 1910 (chapter 149, section 1, 35 Stat. 65; chapter 143, section 2, 36 Stat. 291; sections 8657 and 8665, U. S. Comp. Stat. 1918), and our statutes (section 721, Code of 1906, as amended by chapter 214, Laws of 1914 [Hemingway's Code, section 501], and section 2093, Code of 1906 [Hemingway's Code, section 1760]), so far as our statutes are applicable to the particular facts of this case, are substantially the same. Those sections of the federal act are as follows:

"Every common carrier by railroad while engaging in commerce between any of the several states or territories, or between any of the states and territories, or between the District ·of Columbia and any of the states

or territories, or between the District of Columbia or any of the states or territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect of insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment. . . .

"Any right of action given by this act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury."

It will be observed that the federal act provides that "there shall be only one recovery for the same injury," while our statute provides that "there shall be but one suit for the same death." *N. Pac. R. R. Co.* v. *Maerkl,* 198 Fed. 1, 117 C. C. A. 237, and *St. Louis Iron Mt. & So. Ry. Co.* v. *Craft,* 237 U. S. 648, 35 Sup. Ct. 704, 59 L. Ed. 1160, are squarely in point in favor of appellant's contention. In the Maerkl Case an injured employee brought an action under the federal Employers' Liability Act to recover for his injuries, and shortly thereafter died by reason of such injuries. The action was revived in the name of his personal representative, and by amended declaration damages suffered by his widow and children after his death were sought to be recovered, as well as damages decedent suffered while he lived and

for which he had sued. Objection was made that there should be an election between the two rights of action. The plaintiff recovered a judgment assessing the total damages at nine thousand, five hundred and seventy-six dollars and eighty cents, being nine hundred, thirty-six dollars and eighty cents on the first right of action and eight thousand six hundred and forty dollars on the second. The recovery was sustained by the circuit court of appeals for the Ninth Circuit. That court held that the plain meaning of the amendment to the federal act of April 5, 1910, providing that the right of action given to the person suffering the injury shall survive to his or her personal representative, etc., was that the damages for the deceased's personal loss and suffering as well as for the pecuniary loss suffered by the beneficiaries designated by the statute because of his death "not only may be recovered by the personal representative of the deceased in one action, but must be recovered in one action only, if at all."

In order to get the full significance of what the supreme court said in the Craft Case it should be borne in mind what that court had held prior to the amendment of the federal Employers' Liability Act of April 5, 1910. In *Mich. C. R. Co.* v. *Vreeland,* 227 U. S. 68, 33 Sup. Ct. 192, 57 L. Ed. 421, Ann. Cas. 1914C, 176, in discussing the character of the cause of action given to the designated beneficiaries by the federal act, the court said that it was independent of any cause of action which the decedent had, and included no damages which he might have recovered for his injury if he had survived; that it proceeded upon altogether different principles; that it was a liability for the loss and damage sustained by the relatives dependent upon the decedent; that therefore it was a liability for the pecuniary damages resulting to the relatives, and for that only—and in *Am. R. Co.* v. *Didricksen,* 227 U. S. 145, 33 Sup. Ct. 224, 57 L. Ed. 456, held that the cause of action which was created by the statute in behalf of the injured employee did not survive

his death nor pass to his representatives, but that the act in case of the death of such employee resulting from his injury created a new and distinct right of action for the benefit of the dependent relatives named in the statute; that the damages recoverable were limited to the loss that resulted to them because they had been deprived of a reasonable expectation of pecuniary benefits by the wrongful death of the injured employee; that "the damage is limited strictly to the financial loss thus sustained;" in other words, that the federal act in its first section created two distinct causes of action, entirely separate and independent from each other, one to the employee for the injuries suffered by him, the other to his dependent relatives designated by the statute for the injuries suffered by them. The Craft Case, after reviewing and analyzing the Vreeland and Didricksen Cases, discussed the effect on the federal act of the amendment of April 5, 1910. Construing the act as amended the supreme court in the Craft Case said in part:

"It continues, as before, to provide for two distinct rights of action: One in the injured person for his personal loss and suffering where the injuries are not immediately fatal, and the other in his personal representative for the pecuniary loss sustained by designated relatives where the injuries immediately or ultimately result in death. Without abrogating or curtailing either right, the new section provides in exact words that the right given to the injured person 'shall survive' to his personal representative 'for the benefit of' the same relatives in whose behalf the other right is given. . . . And when this provision and section 1 are read together the conclusion is unavoidable that the personal representative is to recover on behalf of the designated beneficiaries, not only such damages as will compensate them for their own pecuniary loss, but also such damages as will be reasonably compensatory for the loss and suffering of the injured person while he lived. Although originating in the same wrongful act or neglect, the two claims are

quite distinct, no part of either being embraced in the other. One is for the wrong to the injured person and is confined to his personal loss and suffering before he died, while the other is for the wrong to the beneficiaries and is confined to their pecuniary loss through his death. One begins where the other ends, and a recovery upon both in the same action is not a double recovery for a single wrong but a single recovery for a double wrong. . . .

"Much stress is laid upon the concluding clause in the new section, 'but in such cases there shall be only one recovery for the same injury.' Passing and reserving the question of its application where there has been a recovery by the decedent in his lifetime (see *Michigan Central R. R.* v. *Vreeland,* supra, p. 70), we think this clause, as applied to cases like the present, is not intended to restrict the personal representative to one right to the exclusion of the other, or to require that he make a choice between them, but to limit him to one recovery of damages for both, and so to avoid the needless litigation in separate actions of what would better be settled once for all in a single action. This view gives full effect to every word in the clause and ascribes to it a reasonable purpose without bringing it into conflict with other provisions the terms of which are plain and unequivocal. Had Congress intended that the personal representative should make an election between the two rights of action and sue upon one only, it is not easy to believe that it would have chosen the words in this clause to express that intention."

The supreme court in the Craft Case also reviewed the Maerkl Case, quoting with approval the language of the circuit court of appeals in that case that damages for both causes of action "not only may be recovered by the personal representative of the deceased in one action, but must be recovered in one action only, if at all." The supreme court said with reference to that language:

"So far as we are advised by the reported decisions, this is the view which has been taken by all the courts,

federal and state, that have had occasion to consider the question.''

It is true, as our court held in *Hamel* v. *Railroad,* 108 Miss. 172, 66 So. 426 and 809, and as the supreme court held in the Craft Case, there are two distinct causes of action under the statute—one to the decedent, and in case of his death one to the relatives. But where, after his death, the same party or parties are given the right to recover for the entire injury, there ceases to be two causes of action. The two causes of action are merged into one, and after the death of the injured party cannot be divided up. On the death of the decedent both causes of action became one cause, and the right to sue for each is lodged in the same person, and the fruits of the recovery go to the same parties. To hold otherwise there would be two suits for the same death in the face of the express inhibition of our statute that ''there shall be but one suit for the same death.'' We hold that, both causes having become merged into one, both were necessarily involved in the first suit. Each action was based on part of the same cause of action. Under these conditions what could have been presented and decided in the first suit is *res judicata,* whether in fact it was or not. *S. B. Dean et al.* v. *De Soto County* (Miss.), 99 So. 563.

The appellee relies on the Hamel Case. That case was not governed by section 721, Code of 1906, as amended by chapter 214, Laws of 1914 (Hemingway's Code, Section 501). It was decided under section 721 of the Code of 1906, which expressly prohibited suits by the personal representative where any of the designated next of kin under the statute were in existence. The court simply held in that case that the administrator could not sue for the injury to the designated relatives because the statute said so. In that case the decedent sued in his lifetime for the injury to him. Afterwards he died, and the suit was revived in the name of his personal representative under section 2093, Code of 1906 (section 1760, Hemingway's Code). The two causes of action did not merge under the

statute as it then stood because they could not under the very language of the statute.

Doubtless the amendment to our statute (chapter 214, Laws of 1914) authorizing the personal representative to sue for the benefit of all was adopted to conform to the federal act, in view of the fact that the latter act gave federal and state courts concurrent jurisdiction of its enforcement. Conflicts and confusion in the administration of the statute in the two jurisdictions were sought to be avoided. But whether that was the purpose or not the construction we put on the statute tends to promote that end which is much to be desired.

Reversed, and judgment here for appellants.

*Reversed.*

ETHRIDGE, J. (dissenting).

I cannot bring my mind to agree to the proposition that the first suit was a bar to the second where the declaration was not amended after the death of the deceased who had prior to his death instituted a suit for his own injuries.

Section 501, Hemingway's Code (section 721, Code of 1906), provides two distinct rights of action for wrongful death, the first being the right of the deceased for the injuries to himself, and the second being for the injuries to the wife and children as such resulting from the wrongful death. The deceased of course had a right to sue for injuries to himself during his lifetime, and his right of action accrued on being injured, but the right of the wife and of the children does not accrue under the statute at all until death results from the injuries. Therefore where a suit has been brought by a deceased in his lifetime that suit can only cover injuries resulting to him, and does not include the injuries resulting to the wife or children. The rights are separate, and but for the statute providing that they all might be brought in one suit separate suits would have to be maintained.

We have two statutes bearing on the right of the executors or administrators to bring suits for injuries affecting the decedent. Section 1758, Hemingway's Code (section 2091, Code of 1906), provides that executors, administrators, and temporary administrators may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted. And they shall also be liable to be sued in any court in any personal action which might have been maintained against the deceased. This statute gives the executor or administrator the right to prosecute any personal action which the testator had a right to institute or prosecute during his lifetime. Section 1760, Hemingway's Code (section 2093, Code of 1906), provides that, when either of the parties to any personal action shall die before final judgment, the executor or administrator of such deceased party may prosecute or defend such action. These sections were construed by this court in *Hamel* v. *Southern Ry. Co.,* 108 Miss. 172, 66 So. 426, 809, and it was pointed out in that case that the one section applied to rights for which suit had not been instituted during the lifetime of the injured person, and that the other referred to the revival of suits already instituted by the administrator, and it was there held that the former suit for injuries to the deceased was not a bar to the right of the widow and children to bring an action for their loss resulting from the injuries through the death of the deceased, and that their rights as widow and children did not accrue until death intervened. The statutes contemplate that a suit already instituted may be continued by the administrator, and it does not require him to amend the pleadings so as to embrace new rights of action which have accrued since the institution of the original suit to other parties. I have always understood that rights involved in the suit were determined as they existed at the time of the filing of the suit, and that the suit would adjudicate nothing one way or the other that was not an existing cause

of action at the time of the original suit. It is true that if no original suit had been instituted under the present statute the administrator could have sued and should have sued for the injuries to all of the parties, but the statute (section 501, Hemingway's Code; section 721, Code of 1906), also gives the widow and children a right of action, but they could not as widow and children prosecute the action already instituted; only the administrator could prosecute that. The construction given the statute in the present case takes this right clearly given to the widow and children by section 721, Code of 1906, from them, and places it entirely in the hands of the administrator. I do not think the statute should be so construed. It plainly gives the widow and children the right to institute and prosecute the suit, which of course means that they have a right to control the litigation, which is a valuable right, but under the present construction, if the deceased in his lifetime instituted a suit for a personal injury, but not contemplating that it would result in death, and dies pending suit, the right of the wife and children to bring suit is taken from them. The injury to the wife and children was not declared on the first suit, nor could it have been declared on at the time suit was instituted. It therefore does not bar, in my judgment, the right of the wife and children to institute the present suit. The right of the husband and wife to maintain separate suits for the same injury to either flowing to them separately was distinctly recognized in *Brahan* v. *Meridian Light & Railway Co.*, 121 Miss. 269, 83 So. 467, decided by this Court en Banc. I do not think the present case presents any necessity for departing from our own policy to get in line with that of the federal courts for any uniformity of law because the actions arise under different statutes, and this court is bound in construing the federal Employers' Liability Act by the decisions of the federal court, and there can be no diversity of construction of that act. On the other hand federal courts are bound by the construction of the state courts of the

state statutes and the rights of action flowing from them; and there can be no diversity of decision for that reason. Our statutes ought to be given that construction which will give effect to the legislative intention, and in doing so we should be governed by the language of the statute, and not by rules announced by the federal court in construing entirely different statutes.