846 So.2d 1060 (2003)
In the Matter of the ESTATE OF Betty J. ENGLAND Deceased.
Willie England, Jr., Administrator C.T.A. of the Estate of Betty England, Deceased, Appellant,
v.
Cassandra England, as Mother and the Next Friend of Kentrell England, Demarcus England and Demetrius England, Minors, Appellee.
No. 2001-CA-01630-COA.
Court of Appeals of Mississippi.
May 27, 2003.
*1062 Barrett Blake Teller, for appellant.
F. Ewin Henson, James D. Shannon, Hazlehurst, William Buckley Stewart, for appellee.
Before THOMAS, P.J., IRVING and CHANDLER, JJ.
CHANDLER, J., for the Court:
¶ 1. Betty J. England executed a holographic instrument prior to her death. The instrument purports to convey to Betty's ex-husband, Willie England, Jr., up to one million dollars of any recovery from a law suit arising from Betty's consumption of the drug Rezulin. Willie England, Jr. has appealed the order of the Chancery Court of Warren County concluding that the holographic instrument is superceded by the wrongful death statute, that the instrument is not a valid assignment, and that Willie must be removed as Administrator C.T.A. of Betty's estate in favor of Betty's daughter-in-law, Cassandra England.
¶ 2. Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 3. Willie and Betty were married in 1961 and divorced in 1996. One child was born of the marriage, Willie Demetrius England. In 1991, Willie Demetrius England married Cassandra Adams, and the couple had two children, Demetrius and Demarcus England. In 1998, Willie Demetrius England died of cardiac arrest.
¶ 4. In the years prior to her death, Betty J. England suffered from diabetes and was treated with the drug Rezulin. The parties allege that Betty suffered personal *1063 injuries from Rezulin, but no evidence of the nature and extent of those injuries has been submitted on appeal. On March 20, 2000, Betty signed a contract retaining the law firm of Shannon & Munn, PLLC, to prosecute a personal injury action against the manufacturers of Rezulin. On April 22, 2000, Betty England signed a letter agreeing for Shannon & Munn, PLLC, to associate Upshaw, Williams, Biggers, Beckham & Riddick, LLP, for prosecution of the claim.
¶ 5. Betty maintained a relationship with Willie England, Jr. subsequent to the divorce. On June 3, 2000, Willie England, Jr. drove Betty to the courthouse, where she executed the holographic instrument. The instrument states:
To Whom it May Concern
I Betty J. England on this day 6 3 2000 agreed to give my ex husband one million dollar I want this to be carry out after I get my money allso I want to after the grandchildren to make sure that they are take care of. in case that something happen to me this is to be carry out by any attorneys.
your turly
Betty J. England
s/Betty J. England
s/Faye Williams
Notary Public
Mississippi and Shannon & Munn PLLC
Attorneys at Law
if something happen to me I want my ex husband to carry on
Betty J. England
¶ 6. On August 23, 2000, Betty England died of cardio-pulmonary arrest. On August 31, 2000, Cassandra England retained Shannon & Munn, PLLC, to pursue a wrongful death claim against the manufacturers of Rezulin. Cassandra proceeded as the next friend of the wrongful death beneficiaries and heirs at law of Betty England, whom she identified as Kentrell, Demarcus and Demetrius England.[1]
¶ 7. On November 29, 2000, Willie England, Jr. filed a "Petition for Probate of Holographic Will in the Estate of Betty J. England" in the Warren County Chancery Court. On the same date, the chancery court admitted the will to probate and appointed Willie England, Jr. as the Administrator C.T.A. of Betty's estate.
¶ 8. On March 7, 2001, Cassandra filed a "Petition to Revoke Probate of Holographic Will, for Removal of Administrator C.T.A. and Appointment of Person with Higher Priority, for Determination of Heirs-At-Law and Wrongful Death Beneficiaries, and for Court Approval of Employment Contracts." The petition contested the validity of the holographic instrument and alleged it was superceded by the wrongful death statute, Miss.Code Ann. § 11-7-13. The petition further sought removal of Willie England, Jr. as Administrator C.T.A. of Betty's estate and approval of the legal employment contracts made by Betty England.
¶ 9. In his answer to the petition, Willie England, Jr. argued that the instrument is a valid and enforceable holographic will and is not superceded by the wrongful death statute, or alternatively, that the instrument is a valid assignment of a chose in action pursuant to Miss.Code Ann. § 11-7-3. Willie further argued that he *1064 should remain Administrator C.T.A. of Betty's estate. Willie also argued that Betty's legal contracts are not enforceable against the estate.
¶ 10. The chancellor held a hearing on June 14, 2001. The parties stipulated that the drug Rezulin may have caused or contributed to Betty England's death, and that Demarcus and Demetrius England are the grandchildren of Betty England. The parties also stipulated that the legal employment contracts between Betty England and Shannon & Munn, PLLC, and between Cassandra England and Shannon & Munn, PLLC, are valid.
¶ 11. In her opinion, the chancellor determined that it was the intent of Betty England to give Willie England, Jr. one million dollars out of any proceeds of her Rezulin suit. The chancellor referred to the holographic instrument as a will. The chancellor also made the following findings:
(1) the wrongful death statute is intended to compensate the specifically named heirs of the deceased, and, therefore, the "holographic will cannot be used to circumvent the wrongful death statute by which the benefits were to come into existence;"
(2) any lawsuit on behalf of Betty England must be brought pursuant to the wrongful death statute.
(3) the holographic instrument was not a valid assignment;
(4) Demarcus and Demetrius England are the sole heirs of Betty England pursuant to the wrongful death statute;
(5) Willie England, Jr. must be removed as Administrator C.T.A. and Cassandra England, as natural guardian of the minor wrongful death beneficiaries, must be substituted as Administratrix C.T.A.;
and
(6) the legal employment contracts between Betty England and Shannon & Munn, PLLC, were enforceable against Betty's estate.

LAW AND ANALYSIS
¶ 12. Willie England, Jr. has appealed the chancellor's findings on the issues of applicability of the wrongful death statute, assignment, and appointment of an Administrator C.T.A. This appeal raises no questions of fact. Our review of the chancellor's conclusions of law is de novo. Estate of Grubbs v. Woods, 753 So.2d 1043, 1047 (¶ 10) (Miss.2000).
I. WHETHER MISSISSIPPI'S WRONGFUL DEATH STATUTE SUPERCEDES AND CIRCUMVENTS THE EXPRESSED INTENT OF BETTY J. ENGLAND AS SET OUT IN THE HOLOGRAPHIC INSTRUMENT DATED JUNE 3, 2000.
¶ 13. The chancellor found that the holographic instrument executed by Betty J. England evinced Betty's intent to give or to devise to her ex-husband, Willie England, Jr., one million dollars of any proceeds from her Rezulin lawsuit. A decedent's property passes according to the decedent's valid will. Tinnin v. First United Bank of Mississippi, 502 So.2d 659, 665 (Miss.1987). It is well established that a testator's intent is given effect only when that intent does not violate the law or public policy. Cross v. O'Cavanagh, 198 Miss. 137, 147, 21 So.2d 473, 474 (1945). We must determine whether the chancellor correctly concluded that any right of Willie England, Jr. to recover under the holographic instrument is superceded by Mississippi's wrongful death statute. We hold that the chancellor's decision was correct.
¶ 14. Our analysis begins with the wrongful death statute. At common law, *1065 any cause of action for personal injury resulting from the tortious conduct of another was extinguished upon the death of the injured person. Gentry v. Wallace, 606 So.2d 1117, 1120 (Miss.1992). In 1846, England passed Lord Campbell's Act, a group of statutes abrogating the harsh common law rule by allowing certain causes of action to survive death. Id. In 1892, Mississippi enacted statutes based on the Act, including the wrongful death statute, the current version of which is found at Miss.Code Ann. § 11-7-13 (Supp.2002). Gentry, 606 So.2d at 1120. The current statute provides, in pertinent part:
Whenever the death of any person shall be caused by any real, wrongful or negligent act or omission, or by such unsafe machinery, way or appliances as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof, or whenever the death of any person shall be caused by the breach of any warranty, express or implied, of the purity or fitness of any foods, drugs, medicines, beverages, tobacco or any and all other articles or commodities intended for human consumption, as would, had the death not ensued, have entitled the person injured or made ill or damaged thereby, to maintain an action and recover damages in respect thereof, and such deceased person shall have left a widow or children or both, or husband or father or mother, or sister, or brother, the person or corporation, or both that would have been liable if death had not ensued, and the representatives of such person shall be liable for damages, notwithstanding the death, and the fact that death was instantaneous shall in no case affect the right of recovery. The action for such damages may be brought in the name of the personal representative of the deceased person for the benefit of all persons entitled under the law to recover, or by widow for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child, or in the name of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or all parties interested may join in the suit, and there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits. In such action the party or parties suing shall recover such damages allowable by law as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit....

A wrongful death action may be maintained or asserted for strict liability in tort or for any cause of action known to the law for which any person, corporation, legal representative or entity would be liable for damages if death had not ensued.
In an action brought pursuant to the provisions of this section by the widow, husband, child, father, mother, sister, or brother of the deceased, or by all interested parties, such party or parties may recover as damages property damages and funeral, medical, or other related expenses incurred by or for the deceased as a result of such wrongful or negligent act or omission or breach of warranty, whether an estate has been opened or not. Any amount, but only such an amount, as may be recovered for property damage, funeral, medical or other *1066 related expenses shall be subject only to the payment of the debts or other related expenses. All other damages recovered under the provisions of this section shall not be subject to the payment of the debts or liabilities of the deceased, except as hereinafter provided, and such damages shall be distributed as follows:
Damages for the injury and death of a married man shall be equally distributed to his wife and children, and if he has no children all shall go to his wife; damages for the injury and death of a married woman shall be equally distributed to the husband and children, and if she has no children all shall go to the husband; and if the deceased has no husband or wife, the damages shall be equally distributed to the children; if the deceased has no husband, nor wife, nor children, the damages shall be distributed equally to the father, mother, brothers and sisters, or such of them as the deceased may have living at his or her death. If the deceased have neither husband, nor wife, nor children, nor father, nor mother, nor sister, nor brother, then the damages shall go to the legal representative, subject to debts and general distribution, and the fact that the deceased was instantly killed shall not affect the right of the legal representative to recover. All references in this section to children shall include descendants of a deceased child, such descendants to take the share of the deceased child by representation....
Miss.Code Ann. § 11-7-13 (Supp.2002) (emphasis added).
¶ 15. Several aspects of the action for wrongful death are worth mentioning. The statute provides that the wrongful death suit may be brought by the personal representative of the estate for the benefit of the listed relatives, or by one of the listed relatives for the benefit of all. Id. If none of the listed relatives survives the decedent, the damages become an asset of the decedent's estate to be used in payment of the debts of the estate, with any residue to be distributed according to the will or under the law of descent and distribution in the case of intestacy. Id.; Smith v. Garrett, 287 So.2d 258, 261 (Miss.1973).
¶ 16. This system is in accord with the theory supporting our wrongful death statute. States originally enacted wrongful death statutes based on either of two lines of authority, the survival theory or the new cause of action theory. Byars v. Austin, 218 So.2d 11, 15 (Miss.1969). Under the survival theory, a wrongful death statute perpetuates the right to sue which the negligently injured decedent had until death. Id. Mississippi's wrongful death statute is based on the new cause of action theory. Id. Under that theory, the statute creates a new cause of action that accrues at death in favor of the heirs listed in the statute. Id.; Gentry, 606 So.2d at 1119.
¶ 17. Thus, "wrongful death has been recognized as a tort separate and distinct from other personal injury actions." Gentry, 606 So.2d at 1119 (citing Partyka v. Yazoo Development Corp., 376 So.2d 646, 650 (Miss.1979)). The distinction is reflected by the purposes underlying recovery of damages in each type of action. In a suit for personal injury, the damages are intended to compensate the injured person for the injuries sustained. Gentry, 606 So.2d at 1120. In a suit for wrongful death, the damages are intended to compensate the statutory wrongful death heirs for their losses resulting from the death. Id.
¶ 18. The Mississippi Supreme Court has held that the statutory purpose of compensating the wrongful death heirs cannot be circumvented by the decedent's will. Partyka, 376 So.2d at 650. In Partyka, a husband and wife were killed in an *1067 accident, but the wife briefly survived the husband. Id. at 648. The court found that a wrongful death action accrued at the instant of the husband's death in favor of any surviving relative of the first degree of statutory beneficiaries, namely, wife and children. Id. Since the wife survived the husband, and there were no children, at the instant of the husband's death the action accrued to the wife; at her death, it became an asset of her estate. Id. Therefore, the decedent's mother, as a surviving relative of the second degree, lacked standing under the statute to bring suit for the death. Id.
¶ 19. The decedent's mother alternatively argued that, as the sole beneficiary of the decedent's will, she should be allowed to bring suit because a last will and testament should circumvent the wrongful death statute. Id. at 650. The court found this argument without merit because the wrongful death statute creates a new cause of action in favor of the statutory beneficiaries. Id. The deceased may not devise that which he does not have. Id. Therefore, a wrongful death action cannot become a part of the wrongful death victim's estate except in the circumstance when, as provided by the statute, no statutory heirs survived the wrongful death victim. Id.
¶ 20. In the instant case, Willie England, Jr. admits that Betty England's grandchildren, Demarcus and Demetrius England, are her sole statutory wrongful death heirs. Miss.Code Ann. § 11-7-13 (Supp.2002). Willie further admits Partyka's holding that a will cannot bequeath the recovery from a suit for the death because that recovery belongs exclusively to the surviving statutory heirs. Partyka, 376 So.2d at 650. Willie asserts that, when Betty suffered personal injuries from taking Rezulin, an action for those injuries accrued, and that this occurred on or before the date that Betty retained counsel to sue Rezulin's manufacturers. Willie's contention is that the will did not devise proceeds of an action for Betty's death from Rezulin. Rather, Willie avers, the will devised proceeds from the personal injury action that had accrued prior to Betty's death. He asserts that the personal injury action belonged to Betty as of the date it accrued and she was free to devise it as she wished.
¶ 21. Mississippi's survival statute allows an estate administrator to commence and prosecute any personal action which the decedent might have commenced and prosecuted. Miss.Code Ann. § 91-7-233 (Rev.1994). The term "personal action" includes actions for injuries to person or property. J.H. Leavenworth & Son, Inc. v. Hunter, 150 Miss. 245, 267, 116 So. 593, 596 (1928). Any recovery from such an action becomes an asset of the estate, and, like any other asset, is subject to distribution according to the will or according to the law of descent and distribution. Miss.Code Ann. § 91-7-91 (Rev.1994). We construe the survival statute in pari materia with the wrongful death statute. Thornton v. Insurance Co. of North America, 287 So.2d 262, 266 (Miss.1973).
¶ 22. Willie argues that the wrongful death statute cannot foreclose the right of Betty's estate under the survival statute to sue and recover damages for Betty's personal injuries. He points out that the parties have stipulated that Rezulin may have caused or contributed to Betty's death. Willie argues that, because it is unknown whether Rezulin actually killed Betty, the wrongful death statute is not implicated and the estate is entitled to prosecute the personal injury action and recover any damages, up to one million dollars of which would be paid to Willie under the will.
*1068 ¶ 23. The wrongful death statute allows the statutory heirs to recover damages for the defendant's wrongful, lethal conduct. Miss.Code Ann. § 11-7-13 (Supp.2002); Gentry v. Wallace, 606 So.2d 1117, 1122 (Miss.1992). To be entitled to recovery, the wrongful death plaintiff must prove that the wrongful conduct proximately caused the death. Berryhill v. Nichols, 171 Miss. 769, 773, 158 So. 470, 471 (1935). If the plaintiff so proves, then the plaintiff may recover all damages arising "from the death." Gentry, 606 So.2d at 1120.
¶ 24. The statute identifies the kinds of damages recoverable "from the death." Miss.Code Ann. § 11-7-13 (Supp.2002). It provides, "[t]here shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned ... [i]n such action the party or parties suing shall recover such damages allowable by law as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit. ... [these damages include] property damages and funeral, medical or other related expenses incurred by or for the deceased as a result of such wrongful or negligent act or omission or breach of warranty...." Id. (emphasis added).
¶ 25. This language indicates that any damages for personal injuries suffered by the decedent during her lifetime are recoverable in the wrongful death suit. Id.; Gatlin v. Methodist Medical Center, 772 So.2d 1023, 1030-31 (¶ 24) (Miss.2000). This is true even though an action for the personal injuries accrued to the decedent during her lifetime, and could have been prosecuted by the decedent had she lived. Edward Hines Yellow Pine Trustees v. Stewart, 135 Miss. 331, 347, 100 So. 12, 14 (1924). When the same wrongful conduct causes both personal injury and death, at the instant of death, the recovery for the personal injury is embraced by the "one suit" for wrongful death and is not actionable by the estate under the survival statute. Id.; Miss.Code Ann. § 11-7-13 (Supp.2002). Thus, it is definite that, if Rezulin proximately caused Betty England's death, any damages for Betty's personal injuries from Rezulin must be recovered in an action for wrongful death, and could not be recovered by the estate under the survival statute.
¶ 26. On the other hand, it is definite that if Rezulin did not proximately cause Betty's death, there could be no recovery for the heirs under the wrongful death statute. Wilks v. American Tobacco Co., 680 So.2d 839, 843 (Miss.1996); Berryhill v. Nichols, 171 Miss. 769, 774, 158 So. 470, 471 (1935). In that situation, any recovery for Betty's personal injuries from Rezulin belongs to the estate under the survival statute. Berryhill, 171 Miss. at 774, 158 So. at 471. In Berryhill, the plaintiffs failed to prove the essential element of a wrongful death claim, which is that the defendant's wrongful conduct proximately caused the death. Id. The court stated that, because the proof failed to show that the death was caused by the alleged negligence, "any pain and suffering of the deceased endured by him between the injury and death and which may be shown was probably caused by the asserted negligence, that is an item which must be recovered, if at all, under [the survival statute] at a suit by the personal representative, not by the next of kin or heirs at law." Id. ¶ 27. The aforementioned statutory and case law indicates that whether recovery for Betty's personal injuries would be accomplished under the wrongful death statute or under the survival statute depends on whether the wrongful conduct that *1069 caused Betty's injuries also caused Betty's death. We are unable to decide whether Rezulin killed Betty England; that is a fact question properly resolved by a trier of fact in an action for Betty's injuries. The question in the present case is whether the wrongful death heirs, the estate on its own behalf, or both may sue the manufacturers of Rezulin based on the same wrongful conduct against the decedent, Betty England.
¶ 28. In Wilks v. American Tobacco Co., 680 So.2d 839, 840 (Miss.1996), the wrongful death heirs alleged that the decedent died from lung problems caused by smoking cigarettes manufactured by the defendant. After trial, the jury determined that the death was unrelated to the lung problems. Id. On appeal, the heirs argued that they were entitled to recover damages for the lung problems caused by smoking that the decedent suffered during his lifetime. Id. The court held that, because the wrongful death claim failed, the heirs could not recover for the decedent's personal injuries. Id. at 843. The court held that the heirs only could recover the lifetime damages by asserting a claim under the survival statute. Id.
¶ 29. Wilks makes clear that the proper resolution of this case is to allow the estate administrator to assert both a wrongful death action and a survival action against the manufacturers of Rezulin. If the jury finds that Rezulin caused Betty's death, then the estate is foreclosed from recovering in the survival action for any personal injuries caused by Rezulin; that recovery would belong solely to Betty's wrongful death heirs. Miss.Code Ann. § 11-7-13 (Supp.2002); Miss.Code Ann. § 91-7-233 (Rev.1994). If the jury finds that Rezulin did not cause Betty's death, the estate may recover for any personal injuries caused by Rezulin. Miss.Code Ann. § 91-7-233 (Rev.1994); see Munn v. Southern Health Plan, Inc., 719 F.Supp. 525, 530-31 (N.D.Miss.1989) (discussing the differences in proof and recovery between wrongful death and survival actions). If the estate recovers survival damages, then Willie England, Jr. could recover any amount from the estate to which he is entitled under the holographic instrument. We expressly withhold opinion on the validity or effect of the holographic instrument, as those issues are not before this Court.
II. WHETHER THE HOLOGRAPHIC INSTRUMENT IS A VALID ASSIGNMENT PURSUANT TO MISS. CODE ANN. § 11-7-3 (SUPP.2002).
¶ 30. Willie contends that, if the holographic instrument is not a will, then it is a valid assignment of Betty's chose in action for personal injuries from Rezulin pursuant to Miss.Code Ann. § 11-7-3 (Supp.2002). Willie argues that because the instrument is an assignment, he can sue the manufacturers of Rezulin as assignee of Betty's personal injury chose in action regardless of the heirs' entitlement to recovery for the injuries under the wrongful death statute.
¶ 31. Mississippi Code Annotated § 11-7-3 provides, in pertinent part, "the assignee of any chose in action may sue for and recover on the same in his own name, if the assignment be in writing." Id. Any action for injury to person or property is assignable. J.H. Leavenworth & Son v. Hunter, 150 Miss. 245, 267, 116 So. 593, 596 (1928). In Kaplan v. Harco National Insurance Co., 716 So.2d 673, 677-82 (¶¶ 21-43) (Miss.Ct.App.1998), this Court discussed assignment of choses in action. Generally, all types of claims that would survive the initial claimant's death are assignable, and if the decedent's estate could succeed to the claim, in most cases so may an assignee. Id. at (¶ 29). The Court cited a wrongful death action as an example *1070 of a claim that survives death. Id. at (¶ 31).
¶ 32. The way a wrongful death claim "survives death" is that it extends the defendant's liability for an injury past the moment of the injured person's death. Miss.Code Ann. § 11-7-13 (Supp. 2002). The wrongful death claim itself accrues at death for the benefit of the statutory beneficiaries. Partyka, 376 So.2d at 650. Because the claim accrues at death, it is impossible for the deceased to assign any interest in the claim. See Gillis v. Case, 574 So.2d 692, 694 (Miss.1990). As previously discussed, a wrongful death claim includes damages for personal injuries caused by the same conduct that caused the death. Miss.Code Ann. § 11-7-13 (Supp.2002). Therefore, a chose in action for personal injuries that would accrue to the wrongful death heirs cannot be assigned by the wrongful death victim. It is true that one's chose in action against a defendant for personal injuries caused by wrongful conduct may be assigned pursuant to § 11-7-3. Wells v. Edwards Hotel & City Ry. Co., 96 Miss. 191, 194, 50 So. 628, 629 (1909). However, when the same wrongful conduct also results in death, damages for personal injuries are recoverable only in a wrongful death action by or on behalf of the statutory heirs. Miss. Code Ann. § 11-7-13 (Supp.2002); Partyka, 376 So.2d at 650. Thus, Willie England, Jr. may not avoid the wrongful death statute by claiming the instrument is an assignment.
III. WHETHER WILLIE ENGLAND, JR. SHOULD BE REMOVED AS ADMINISTRATOR C.T.A. OF THE ESTATE OF BETTY J. ENGLAND.
¶ 33. The chancellor found that Willie England, Jr. must be removed as Administrator C.T.A. of Betty England's estate and Cassandra England substituted as Administratrix C.T.A. Willie England, Jr. argues that this finding was error.
¶ 34. Betty England died without naming an estate executor, so the chancellor applied Miss.Code Ann. § 91-7-63 to determine the correct person to be issued letters of administration. The statute provides, in part, "[t]he court shall grant letters of administration to the relative who may apply, preferring first husband or wife and then such others that may be next entitled to distribution, if not disqualified, selecting amongst those who may stand in equal right the person or persons best calculated to manage the estate; or the court may select a stranger, a trust company organized under the laws of this state, if the kindred be incompetent. If such person does not apply for administration within thirty (30) days from the death of an intestate, the court may grant administration to a creditor or to any other suitable person." The chancellor has considerable discretion in selecting an estate administrator, but must preserve the legal right of husband, wife, or distributee, unless incompetent. Stribling v. Washington, 204 Miss. 529, 537, 37 So.2d 759, 761 (1948).
¶ 35. The settled interpretation of Miss. Code Ann. § 91-7-63 is that the person entitled to the estate is entitled to the administration. Moreland v. Moreland, 537 So.2d 1337,1341 (Miss.1989) (citing Langan v. Bowman, 20 Miss. 715, 717 (1849)). The chancellor found that Demarcus and Demetrius England, as the sole wrongful death beneficiaries of Betty England and her sole surviving heirs, were the only persons entitled to distribution from Betty's estate. Mississippi Code Annotated § 97-7-65 prevents the grant of letters of administration to a minor. The chancellor found that Cassandra England should be granted the letters of administration *1071 pursuant to Moreland, 537 So.2d at 1341, which holds that the preferred administrator is the guardian of the sole party entitled to the estate.
¶ 36. Willie England, Jr. argues that he was the most suitable person to administer Betty England's estate because, as the beneficiary of one million dollars of Betty's Rezulin suit under the will, he is the person "next entitled to distribution" from the estate. The chancellor was within her discretionary authority in removing Willie England, Jr. and substituting Cassandra England. Willie England, Jr. could be entitled to distribution from the estate if the holographic instrument is a valid will which is not superceded by the right of recovery of Demarcus and Demetrius England for Betty England's wrongful death. See Issue I. A party's right of distribution that has not been finally determined does not abridge the chancellor's considerable discretion in selecting an administrator. Estate of Burnside, 227 Miss. 110, 112-13, 85 So.2d 817, 818 (1956). We find that the chancellor's selection of Cassandra England, as the guardian of the sole, minor wrongful death heirs, was within the chancellor's sound discretion.
¶ 37. THE JUDGEMENT OF THE CHANCERY COURT OF WARREN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR.
NOTES
[1] These are Cassandra England's three children. Cassandra's first child, Kentrell England, is not the child of Willie Demetrius England, who signed Kentrell's birth certificate but never formally adopted him. In her post-trial brief, Cassandra England admitted that Kentrell England is not a wrongful death beneficiary of Betty England, and that the sole surviving wrongful death beneficiaries of Betty England are Demarcus and Demetrius England.