ISHEE, J.,
DISSENTING:
¶83. With respect to the majority,' I must dissent on the issue of Dorothy’s standing. After Barnett’s passing, Dorothy pursued Barnett’s claims under the wrongful-death statute. The wrongful-death statute provides for a decedent’s statutory heirs to recover “all the damages of every kind to the decedent ... [including] property damages and funeral, medical, or other related expenses incurred by or for the deceased as a result of such wrongful or negligent act or omission or breach of warranty.” In re Estate of England, 846 So.2d 1060, 1068 (¶24) (Miss.2003) (quoting Miss. Code Ann. § 11-7-13 (Supp. 2002)).[21] The wrongful-death statute allows for recovery by heirs regardless of whether an estate has been opened for the decedent. Id. at 1065-66 (¶ 14) (quoting Miss. Code Ann. § 11-7-13).
¶84. Certain recoverable damages not specifically-allotted by the wrongful-death statuté are attainable through. Mississippi’s survival statute, which “allows an estate administrator to commence and prosecute any personal action which the decedent might have commenced and prosecuted ... [and] [a]ny recovery from such action becomes an asset of the estate ....” Id. at 1068 (¶ 21) (citing Miss. Code Ann. § 91-7-233 (Rev. 1994); Miss. Code Ann. § 91-7-91 (Rev. 1994)).[22] Implicit in recovery under the survival statute is the existence of a decedent’s estate and, an administrator of the estate. As stated in Long v. McKinney, 897 So.2d 160, 174 (¶ 60) (Miss.2004): “In the event the litigants wish to pursue a claim on behalf of the estate of the deceased, such estate must, of course, be opened and administered through the chancery court,”
¶85. Furthermore, the wrongful-death statute recognizes the “one-suit rule,” mandating that only one suit shall be commenced for recovery of damages for the decedent. Estate of England, 846 So.2d 1060, 1068 (¶¶ 24-25) (quoting Miss. Code Ann. § 11-7-13). In that vein, the Mississippi Supreme Court has made it clear that an “estate administrator [may] assert both a wrongful[-]death action and a survival action” in one suit. Id. at 1069 (¶ 29) (citing Wilks v. Am. Tobacco Co., 680 So.2d 839, 840 (Miss.1996)).
¶86, In the present ease, Barnett instituted the action himself at the commencement of the suit. However, upon his death, Dorothy filed an amended complaint wherein she substituted herself in his place to pursue wrongful-death damages. An estate was never opened. Hence, it goes without saying that neither Dorothy nor any other party was ever an administrator or executor of Barnett’s estate. By way of the amended complaint, Dorothy’s only capacity for recovery became by and through the wrongful-death statute. As such, Dorothy was not entitled to recoup any hypo *1132 thetical survival damages—only wrongful-death damages.
¶87. At the close of the trial, the jury determined that it could not attribute Barnett’s death to silicosis either by cause or by contribution. Accordingly, while Dorothy had standing to recover wrongful-death damages, she was not awarded any. The jury only awarded survival damages. Since an estate was never opened for Barnett, there was not a party to the action with standing to recover the survival damages awarded. As such, I am of the opinion that we are without authority to dispose of this case in any way but to reverse and render the judgment as void since no one and no entity possessed the proper standing to recover the survival damages awarded.
CARLTON, J., JOINS THIS OPINION.

, The applicable version of the wrongful-death statute for this case was updated in 2004. Nonetheless, the language from the 2002 version of the statute as cited in Estate of England is identical to the 2004 version save for the addition of the phrase “or of any unborn quick child” to the list of persons for whom heirs may recover damages. All refer» enees made to die statute in Estate of England remain viable for this analysis,

. The language used in sections 91-7-233 and 91-7-91 remains untouched at present. Hence, the supreme court’s references to boA . statutes in Estate of England,ave also applicable to the instant case.