## J. J. NEWMAN LUMBER CO. *v.* SCIPP.

[90 South. 11. No. 22468.]

1. DEATH. *Pendency of suit by personal representative bar to widow's suit.*

   Under section 721, Code 1906 (section 501, Hemingway's Code), authorizing one suit by the personal representative or widow of deceased for all for wrongful death, no right to sue exists in the widow, or other person, while a prior suit by the personal representative upon the same cause of action is pending.

2. COURTS. *Caption considered with body of declaration to ascertain whether declaration shows jurisdictional facts.*

- Under our rules of simplified pleading, a declaration sufficiently shows jurisdiction over defendant where its caption and body, considered together, substantially charges the necessary jurisdictional facts.

Appeal from circuit court of Lamar county.

Hon. G. Wood Magee, Special Judge.

Action by Fannie Scipp against the J. J. Newman Lumber Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

*S. E. Travis* and *L. Hennington,* for appellant.

The plea in abatement set up a good, complete defense to the declaration sued on in the instant case. The allegations thereof were full and complete. It alleged that the said suit was a prior suit involving the same cause of action and subject-matter and substantially the same parties, and that it was pending in a court of competent jurisdiction. Appellee's demurrer to this plea admitted all the facts so pleaded.

It is thus seen that the suit first instituted in point of time was by the administratrix, the personal representative of the deceased, and that the instant case, the suit last instituted in point of time, was by the widow a legal representative of the deceased. The fundamental questions are, therefore, did the administratrix have the right to sue for the alleged injury; and, if so could a second suit be thereafter filed and prosecuted for the same cause while the first suit was pending and undetermined? We contend that the administratrix had the right to sue for the alleged injury, that but one suit therefore was authorized, and that therefore the second suit was improperly instituted and prosecuted, and is not maintainable.

The right to sue for the injury in question is created and controlled by the statute and we need not look beyond that for the correct solution of the questions under consideration. The statute in force at the time of the alleged injury so far as applicable to the points under discussion is

as follows: "The action for such damages may be brought in the name of the personal representative of the deceased person, for the benefit of all persons entitled under the law to recover, or by the widow, for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or all parties interested may join in the suit, and there shall be but one suit for the same death which shall enure for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits. In such action the party or parties suing shall recover such damages as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit." (Emphasis ours.) Hemingway's Code, sec. 501.

This statute, we respectfully submit, establishes each and every one of our contentions now under discussion. It goes a step farther than any of its predecessors had ever gone. It gives the administratrix, the personal representatives of the deceased person, first and foremost of all other persons, the authority to bring the suit. Then we have the direct and unequivocal statement that, there shall be but one suit for the same death, which shall enure for the benefit of all parties concerned. This is followed by the further direct and unequivocal statement that the party or parties suing, that is, the personal representatives (administratrix) or the legal representative (widow), as the case may be, shall recover such damages as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit. So that the administratrix is given the first right to sue and there can be but one suit. The administratrix sued first, and is authorized to recover all damages both to the

decedent and to all interested parties.   The suit by the
administratrix was and is therefore an insuperable bar-
rier to any other suit so long as it is pending and remains
undetermined.   There is not only no authority of law for
the second suit in such case, but it is expressly and im-
peratively prohibited by the statute.   It follows, there-
fore, that the demurrer to the plea in abatement was im-
properly sustained.

The question could be safely rested here but the conclu-
sion arrived at may be further fortified by reference to
the history and judicial interpretation of the statute under
consideration.

The court is directed first to section 193, of the Con-
stitution, and to section 3559 of the Code of 1892, which
is a rescript of said section 193, not as involving the par-
ticular statute in question, but as having been interpreted
in connection therewith.   These sections authorize the le-
gal or personal representative of the deceased person to
sue.   This court held in the *Hunter case,* 70 Miss. 471,
quoting a sentence from the opinion.   The primary mean-
ing of the term, legal or personal representative, is the
executor or administrator, and there is nothing in the con-
stitution to suggest that they were used in a different sense
in the section under consideration.   This holding was sub-
sequently overruled by the *Bussey* (79 Miss. 597) and
*Washington* (45 So. 614) cases, where the court construed
the term personal representative as meaning the executor
or administrator and the term legal representative as
meaning the heir or next of kin.   The legislature had in
the meantime, however, amended the injury producing
death statute from time to time to correct the confusion
and uncertainty that had prevailed as to some provisions
thereof, and it is interesting to note briefly some of the
changes involving the inquiry in hand.

Turning to section 663, Code of 1892, entitled Actions
for Injuries Producing Death, and embodying the doctrine
of Lord Campbell's act, we find no provision for suit by
the personal representative, the executor or administrator

and we find no provision to the effect that there shall be but one suit.

Section 663, Code of 1892, was amended by chapter 86, Laws of 1896. This statute for the first time introduces the provision there shall be but one suit for the same death, and provides expressly that executors and administrators shall not sue for damages for injuries causing death, except as below provided. The statute then provides for suit by the personal representative, the executor or administrator where there is no next of kin, as specified in the statute, to bring suit.

This statute was further amended by chapter 65, Laws of 1898, the provisions of which are practically the same as those of the Laws of 1896 as touching the points under discussion. This act also expressly prohibited executors and administrators from suing, except as stated where there was no next of kin. While these statutes were declared unconstitutional on grounds not here involved, they show the development of the rule of law under consideration.

Section 721, Code of 1906, is practically the same as the said Act of 1898, in so far as regards the provisions under consideration. It contained the limit to one suit and prohibited executors and administrators from suing, except in the special cases stated. Chapter 89, Laws of 1908, is practically a rescript of section 721, Code of 1906, the change being to abolish the limitation of time for bringing suit.

It is thus seen that each and every one of the statutes after the Code of 1892, limited the action in such case to one suit only and provided for the recovery in that one suit of all damages both to the decedent and to the interested parties. And the Code of 1892, and each of said amendments thereof up to and including the Laws of 1908, designating who should bring suit, contained the following language introducing the subject; action may be brought in the name of the widow, etc., continuing with the designation of the other next of kin who might bring the suit.

Looking back to the statute first referred to, Laws of 1914, chapter 214, Hemingway's Code, section 501, we find that its opening provision as to who may sue reads: "The action for such damages may be brought in the name of the personal representative of the deceased person, for the benefit of all persons entitled under the law to recover, or by the widow, etc., designating the next of kin who might sue, and as stated, this statute limits to one suit only and authorizes the party suing to recover all damages both to the decedent and to all parties interested. There can be but one suit and this can be brought in one of three ways: Namely, by the executor or administrator, or by one of the designated next of kin, or jointly by all parties interested."

Our contention is made the more manifest by reference to a few of the declarations of this court dealing with the said statute as amended from time to time. The case of *Railroad Company* v. *Hicks,* 91 Miss. 273, is referred to in this connection. This suit was for damages for the wrongful death of a servant. Two suits were filed, one by the administratrix, and one by the widow and children of the deceased. The suits were consolidated on the motion of the plaintiffs over defendant's objection. The following excerpts from the opinion of this court in that case are pertinent to the present inquiry: "In other words, it was perfectly competent, under section 193, of the Constitution, and of course, under section 3559, Ann. Code 1892, for the widow and children, that is to say the legal representatives of Hicks to have brought the suit which they did bring here to recover what he was worth to them as a bread winner. It would also have been competent for Mrs. Hicks to have brought a suit as administratrix, under the same sections, to recover the damages sustained by Hicks himself, but for the provision for but one suit in ch. 65, p. 82, Acts of 1898, as shown hereinafter. Learned counsel for the appellant admits in their second brief, that if the two suits were unnecessary, and the administratrix could have sued for all damages claimed in both suits, or

if the widow and children could have sued for all such damages, then they are willing to concede that they were not prejudiced by the consolidation. This concession ends the controversy on this point, for there are two views, on either of which it is clear that not only were two suits unnecessary, but that only one could be instituted." (Emphasis ours.) *Railroad Co.* v. *Hicks,* 91 Miss. 363.

This chapter has been recently construed by us in the case of *Pickens* v. *I. C. R. R. Co.,* 45 So. 868, in a case in which the suit was brought to recover damages for the death of the one not an employee; that is to say under our statutory provisions embodying the doctrine of Lord Campbell's act, which had their final expression at that time, and when this present suit was brought in said chapter 65, p. 82, of the Laws of 1898. In that case we said: "It is apparent from the act cited that there can be but one cause of action for any injury producing the death of any party. This statute was enacted for the purpose of uniting in one suit all causes of action which might have heretofore existed for any injury whereby the death of the party was produced. Whatever may have been the common-law rule upon this subject, this is not the rule in this state under the act and section above quoted. The law expressly provides that, whenever the death of any person shall be caused by any real, wrongful or negligent act, etc., as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof, etc., and then proceed to say that in such action that is to say, in an action for damage for the death of a person caused by a wrongful or negligent act, etc., the party or parties shall recover such damage as the jury may, taking into consideration all damage of every kind to the decedent and all damage of every kind to any and all parties interested in the suit. This chapter provides expressly that there shall be one suit, and that in that suit there shall be but one recovery, and that recovery shall be for all damages of every kind to the decedent and all damage of every kind to any and

all parties interested in the suit." (Emphasis ours.)  *Rail-road Co.* v. *Hicks*, 91 Miss. 366.

To show to what extent the said Act of 1914 enlarged the right of the personal representative to sue, the following is quoted from the opinion in the said Hicks case: "That act further provided, we may now add that there might also be an action brought by the personal representative— that is to say, the executor or administrator, of the deceased, not an employee, and authorizes the recovery by the personal representative, to be for all the damages both to the decedent and the widow and children; that is to say, authorizes the personal representative to recover for the legal representatives.   But it added two restrictions in respect to this suit by the personal representative: First, that suit could never be brought conjointly with the suit by the widow or other legal representatives, but could only be brought when there were no next of kin at all; and, secondly, the act provided that in that case the amount recovered by the personal representative should be subject to debts.   In other words, the cause of action given to the personal representative, so far as recovery is concerned, is coextensive in all respects with that given to the legal representative; and that act further provided that the damage for injury and death, recovered, should be exempt to the wife and other legal representatives, and should be distributed as specified in the statute, and finally, and this is a most important provision—the second section of the act provided expressly as follows:   This act shall apply to all personal injuries of servants or employees received in the service of business of the master or employer where such injuries result in death.   Now, the first view which we have above referred to is this: That this chapter 65, with all of its rights and remedies—the last expression, at the time of the institution of this suit of the doctrine of Lord CAMPBELL'S act, intended for those not employees—is by section 193, of the Constitution itself made directly applicable to and available by the employees empowered by said section 193, of the Constitution itself,

made indirectly applicable to and available by the employees empowered by said section 193, to recover in the states of cases therein named. *Railroad Co. v. Hicks,* 91 Miss. 366-7.

It is thus seen on comparing the various acts referred to that the said Act of 1914, removed all the restrictions contained in the former acts as to suits by personal representatives. The personal representative is placed on an equal footing with the next of kin authorized to sue, and first in the list, and is given power to recover all damages that any other party could recover; and the limitation to one suit for one death is maintained throughout. We then have, quoting the language of this court, all the causes of action, growing out of the death of the deceased united in one suit, and that suit brought by the personal representative of the deceased, the administratrix, prior to the bringing of the instant suit. Hence it follows in the light of this statute and this decision that the filing of the instant suit by the widow after the filing of said suit by the administratrix was expressly prohibited by the statute. The situation, therefore, yields one conclusion and one conclusion only as to the second suit, and that is that it was improperly filed and cannot be maintained. There is no possible escape from this conclusion without doing violence to the statute as interpreted by this court.

But, aside from the statute and as a general principle of law, the suit by the administratrix has priority over the instant suit filed at a later date. The later suit is abated by the prior one. The following is quoted from the text of Corpus Juris in support of this proposition: "It is a well settled general principle of law that the pendency of a prior action or suit for the same cause, between the same parties, in a court of competent jurisdiction, will abate a later action or suit either in the same court or in another court of the same jurisdiction."

Reason of rule. The principle on which pleas of another action pending are sustained is that the law, which abhors a multiplicity of suits, will not permit a defendant to be

harassed and oppressed by two actions for the same cause where plaintiff has a complete remedy by one of them. 1 Corpus Juris, p. 45, sec. 38.

It is generally necessary that the action pleaded in abatement of another action shall have been commenced prior to the later, for it is the priority and not the mere pendency of another action which is ground of abatement; and therefore the pendency of an action cannot be pleaded either in abatement or in bar of a prior action between the same parties for the same cause. 1 Corpus Juris, p. 57, sec. 73.

Where a party to the first suit is nominally different from a party to the second, but such privity exists between them that a judgment for or against one may be pleaded in bar of an action by or against the other, there is no such diversity of parties as will prevent the prior suit from being pleaded in abatement of the second suit. 1 Corpus Juris, p. 80, sec. 103.

And it has been held, independently of any statute, that the pendency of a suit by one of a class on behalf of himself and others may be pleaded in abatement of a subsequent suit by any one of that class who would be bound by the judgment rendered in the first. 1 Corpus Juris, p. 81, sec. 105.

The following is quoted from the text of Ruling Case Law: "The pendence of an action in a court having no jurisdiction in the premises will not operate to abate another action in a proper court, for the same cause or relief and between the same parties; and, assuming that the prior action is pending in a court having jurisdiction, its pendency will not abate the second action unless both are pending in the same jurisdiction. But if two or more courts have concurrent jurisdiction over the same subject-matter, the court first acquiring jurisdiction by the service of process will retain it, to the exclusion of the other." 1 Ruling Case Law, p. 15, sec. 6.

The following is quoted from the opinion of this court in a recent case: "There is nothing in the contention that

the city of Aberdeen and the city of Amory, can and must
prosecute their separate suits in their own name and right.
The revenue agent is expressly authorized to bring suit
for them, and it is no objection that the city itself could
bring the suit, or that even some other officer could rep-
resent them in bringing suit.  The various statutes of this
state frequently confer power upon several different of-
ficers to bring the suit, and in such case the the one first
bringing the suit has the right to prosecute such suit, and
if the second party should bring suit while the first is
pending, the pendency of the first suit could be pleaded
in answer to such second suit." *Robertson* v. *Monroe Co.*,
79 So. 189.

The following is quoted from the syllabus of a recent
case in this court: "Two suits should not be entertained
at the same time in the same court between the same par-
ties and involving the same demand. . . . Though a
plea is denominated a plea in abatement, court will treat
it good on demurrer, if it states facts defeating action,
though not strictly a plea in abatement." *Harrison Co.* v.
*Robertson,* 83 So. 617; *James* v. *Dowell,* 7 S. & M. 333 (15
Miss.)

We feel that we have shown beyond all question that
the action of the learned trial court in sustaining the de-
murrer to the plea in abatement was fatal error and shall
not trespass further upon the valuable time of the court
to present our views on the other errors assigned.  We in-
vite the attention of the court in this connection to the
short, meager record upon which the verdict and judgment
are based.

We submit that the judgment appealed from should be
reversed and the cause dismissed or remanded, as this
honorable court may determine.

*Rawls & Hathorn* and *W. J. Hatten,* for appellee.

To permit this suit filed in Jeff Davis county by the
administratrix under all the admitted facts in this case
to abate the suit filed by the wife, the only person who has
any beneficial interest in the outcome of the litigation,

would be to open the road to great possible wrong and injustice. It certainly could never have been the intention of the law-makers that a stranger, and interloper could rush in five days after death, qualify as administrator, file a suit and thus absolutely tie the real party at interest hand and foot, and render her absolutely helpless.

There can be assigned no reason why in a case of this kind the widow who is the sole beneficiary, should not have the paramount right to bring suit for the death of her husband. Certainly appellant is not serious when he says that the administrator has the first right to bring the suit. Certainly this is not true merely because the personal representative is designated first in the statute.

We doubt very seriously if the law-makers ever intended, even by the amendment of 1914, to give an administrator the right to file a suit where the real and sole beneficiary was authorized to bring the action. In other words we think the intention of the legislature was that the real party at interest should bring the suit unless, for some reason, this party should be disqualified. Certainly the real party at interest has the first right to bring the action, and in order to exercise this first right we do not think she would be required to file suit before she had time to give her husband a decent burial, and before she could have time to negotiate with appellant for a settlement of her claim without suit. Such a rule or construction of this statute would be contrary to public policy. If appellant's construction of this statute is correct, then the first person of those named in the statute, who can engage him a squire, on a fifty-fifty basis, and file him a suit, will have control of the litigation and can negotiate a final settlement whether he has a beneficial interest in the final judgment or not. If their contention is correct, this suit might have been filed by Charley Scipp's personal representative, the administratrix, or by the widow, or by his mother, or by his father, or by his brother, or by his sister, just whichever filed first would be the one who must prosecute the suit, whether beneficially interested or not. Let

us suppose that instead of this overnight administratrix, who sprang up almost as suddenly as "Jonas Gourd vine" that Charley Scipp's father had filed this suit, would it be seriously contended that appellee's suit would be abated because the father, who is named in the statute as one of the persons who may bring the action, had previously filed suit? Certainly not. And yet to give the statute a literal interpretation, would warrant this holding. The only reasonable and sensible interpretation to give the statute is that the party at interest shall have the first or paramount right to file the suit, and if more than one person is interested then any one of the interested class, and when one of the interested class of beneficiaries files a suit this will abate any suit filed by any other one of the interested class of beneficiaries.

If there should ever be a case where the legal representative should bring a suit for the benefit of that person or that class of persons who under the statute are authorized to prosecute their own suits, certainly this is not such a case. An examination of the authorities cited by appellant throws no light on the questions under consideration in this case.

Holden, J., delivered the opinion of the court.

The appellee, Fannie Scipp, as the wife and sole heir of Charlie Scipp, deceased, recovered judgment for two thousand dollars against appellant, Newman Lumber Company, in the circuit court of Lamar county for the death of her husband, Charlie Scipp, who, it is alleged, was killed through the negligent operation of the log trains of appellant, and from this judgment this appeal is prosecuted.

The appellant presents one ground for reversal, and that is the lower court erred in maintaining jurisdiction and proceeding to judgment in the case, because the action should have been abated for the reason that Lorna Scipp, the administratrix of the estate of the deceased, had previously filed a suit which was then pending in the circuit

court of Jefferson Davis county on the same cause of action against the same defendant, and that summons had been issued and served and the court had full jurisdiction to try the case.  The appellee demurred to the plea in abatement filed by the appellant, and the demurrer was·sustained by the court.

The contention of the appellant is simply this: That the action for the wrongful death may be brought by the personal representative of the deceased for the benefit of all persons entitled under the law to recover, or by the widow, and that, where the personal representative has filed suit first, the widow or other persons named in the statute cannot sue while the suit of the personal representative is pending, because under the statute there can be but one suit for the benefit of all.  Section 721, Code of 1906 (section 501, Hemingway's Code).

The opposite contention of the appellee is that, where the widow sues as such, and is the sole heir, she may maintain the action even though a prior suit by the personal representative upon the same cause of action was then pending in a court of competent jurisdiction, and, second, that the plea of abatement filed in this case with the copy of the declaration in the suit of the personal representative is not sufficient to show jurisdiction over the appellant, for the reason that it is not charged in the body of the declaration that the appellant was domiciled or doing business in Jefferson Davis county, so as to give jurisdiction of the suit.

The decisive question presented to us involves a consideration of the statute (section 721, Code of 1906 [section 501, Hemingway's Code]) which provides that the suit may be brought by the personal representative (an administratrix) or by the wife or the children, etc.  We do not think the statute discriminates by giving priority in the bringing of suits to any particular one of the persons named in it; and, when an administratrix is first with her suit for the wrongful death, none of the other persons named in the statute may bring the same cause of action

against the same party while the first suit is pending. As between the personal representative and the wife, with reference to priority in the right to sue, we think the statute does not discriminate, but places them upon equal ground, and the rule "First in time, first in right," applies.

It may be, though we do not decide, because it is not pertinent, that the widow, when she is the sole heir or otherwise, may take steps to remove the administratrix in the court appointing her, and thus annul the suit. But, where the administratrix is regularly appointed, and brings suit authorized by the statute for the wrongful death, the defendant is not to be vexed by another suit upon the same cause while the first is pending.

As to the second point made by the appellee that the declaration in the suit filed by the administratrix does not charge sufficient facts to give jurisdiction to the court over the appellant, we have concluded theposition is untenable. After a careful examination of the plea in abatement, and the copy of the declaration filed therewith, it is our opinion that the caption of the declaration which sets out that "J. J. Newman Lumber Company, a corporation chartered and organized under the laws of the state of Mississippi, but doing business and having officers and agents in Jefferson Davis county, Miss., upon whom process can be served, defendant," taken in connection with allegations and references to the defendant, Newman Lumber Company, in the body of the declaration, substantially and sufficiently charges jurisdiction in the court over the appellant. Under our statutes and decisions pleadings are simplified, and, where the facts constituting the cause of action and showing jurisdiction, are stated in plain language, and contain sufficient matter of substance for the court to proceed upon the merits of the cause, it is sufficient. We think the declaration here involved, considered all together, sufficiently meets this requirement. Sections 729 and 730, Code of 1906 (Section 512 and 513, Hemingway's Code).

In view of the conclusion reached above the judgment of the lower court will be reversed, and judgment entered here for appellant.

*Reversed and rendered.*