# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-02134-SCT

*JAMES A. BURLEY, PARENT/GUARDIAN AND*
*NEXT FRIEND OF FRANCESCA HILL, JOSHUA*
*HILL AND JAKURA HILL, MINORS*

*v.*

*EDDIE E. DOUGLAS AND YAZOO VALLEY*
*ELECTRIC POWER ASSOCIATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/07/2007 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | YAZOO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDUARDO ALBERTO FLECHAS |
| ATTORNEYS FOR APPELLEES: | BRADLEY F. HATHAWAY |
| | PHILIP A. GUNN |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND REMANDED - 11/05/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     James A. Burley brought the instant wrongful-death action as a result of the deaths of his grandchildren, Joshua and Jakura Hill, minors. The Yazoo County Circuit Court granted summary judgment in favor of the defendants, ruling that Burley lacked standing to bring the suit. Burley appeals that decision. Finding that Burley qualified as an "interested party" under the wrongful-death statute, so that he had standing to commence the suit, we reverse the circuit court's judgment and remand.

**FACTS AND PROCEDURAL HISTORY**

¶2. On the morning of July 17, 2003, Francesca Hill and her two minor children, Joshua and Jakura, were traveling Carter Road near Yazoo City, Mississippi, when their car was struck by a truck driven by Eddie Douglas. At the time of the accident, Douglas was driving a truck owned by his employer, Yazoo Valley Electric Power Association ("YVEPA"). Hill and her two children were killed in the accident.

¶3. On June 7, 2004, James Burley commenced the instant wrongful-death action by filing suit against Douglas and YVEPA in the Circuit Court of Yazoo County, Mississippi. Burley styled his complaint, "*James A. Burley, Parent/Guardian and Next Best Friend of Francesca Hill, Joshua Hill and Jakura Hill, Minors v. Eddie E. Douglas and Yazoo Valley Electric Power Association.*" Burley's complaint alleged that "as a direct and proximate result of Defendants['] . . . willful and wanton misconduct, and gross negligence . . . the Plaintiff, James A. Burley, lost the life of his daughter and [two] grandchildren." The complaint stated that Burley "is the sole and proper person to bring this cause of action for and on their behalf." Burley sought compensatory damages, as well as $20,000,000 in punitive damages.[1]

¶4. On August 6, 2004, YVEPA[2] answered Burley's complaint. YVEPA denied liability and asserted, *inter alia*, Burley's lack of standing as an affirmative defense to the action. On June 2, 2005, nearly one year after commencement of the instant action, Burley filed

---

[1] Burley's original complaint was amended on September 20, 2005, to specify that the compensatory damages "represent[ed] loss of society and companionship, the present net cash value of the decedents' life expectancies, hedonic damages, physical and mental pain and suffering, medical expenses, funeral expenses, and damage to personal property."

[2] Hereafter, YVEPA and Douglas will be referred to collectively as YVEPA, except where it is necessary to refer to one or the other in an individual capacity.

2

petitions for appointment of administrator and for issuance of letters of administration in the Chancery Court of Humphreys County. These petitions represented that Joshua and Jakura were survived by "two grandparents, namely James Burley and Earnestine Hill." On June 23, 2005, letters of administration were granted to Burley.

¶5. Thereafter, on August 3, 2005, the Humphreys County Chancery Court entered orders determining the heirs-at-law of Joshua and Jakura Hill. Those heirship orders concluded that Burley, among others, was an heir-at-law of both Joshua and Jakura.

¶6. On August 30, 2007, YVEPA filed a motion to dismiss or, alternatively, for summary judgment, as to the wrongful-death claims for Joshua and Jakura on the ground that Burley lacked standing to commence a wrongful-death action on their behalf. A hearing was held on the motion, and on November 7, 2007, the circuit court, finding that Burley lacked standing, dismissed the claims brought on behalf of and as to the deaths of Joshua and Jakura, and entered final judgment in favor of YVEPA.[3]

¶7. Aggrieved by the trial court's order, Burley appeals, assigning two issues for appellate review: (1) whether Burley was the proper party or person to file the subject wrongful-death action; and (2) whether the trial court erred in granting the appellees' motion to dismiss or, in the alternative, for summary judgment, as to the wrongful-death claims of Joshua Hill and

---

[3] The wrongful-death claim brought on behalf of Francesca Hill, Burley's daughter, was not affected by this ruling. In dismissing Burley's wrongful-death claims as to Joshua and Jakura Hill, the trial court expressly found "that there is no just reason to delay" and directed entry of the final judgment "pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure." The dismissal, therefore, was properly certified under Rule 54(b) as an appealable final judgment.

Jakura Hill. We find the first issue, whether Burley had standing to bring the wrongful-death action, dispositive.

## STANDARD OF REVIEW

¶8.     This Court reviews a trial court's grant or denial of a motion for summary judgment or a motion to dismiss under a de novo standard. ***Monsanto v. Hall***, 912 So. 2d 134, 136 (Miss. 2005).

## DISCUSSION

### Whether Burley had standing to file the instant wrongful-death action.

¶9.     Burley argues that he was a proper plaintiff to commence and maintain this wrongful-death action because he "was judicially determined to be an heir at law and wrongful death beneficiary to the decedents, Jakura Hill and Joshua Hill." [4]  Burley additionally argues that he possessed standing via the letters of administration. YVEPA asserts that Burley lacked standing to bring suit, as he was neither the personal representative of the estates of Joshua and Jakura at the time the complaint was filed, nor was he a statutory wrongful-death beneficiary pursuant to Mississippi Code Section 11-7-13.

¶10.    This Court's analysis of who has standing to bring a wrongful-death action must necessarily begin and end with Mississippi's wrongful-death statute ("the Statute"), which

---

[4] Burley misunderstands the distinction between "statutory heirs" and "statutory wrongful-death beneficiaries." In his brief, Burley asserts that he was a proper plaintiff to commence and maintain this wrongful-death action because the heirship orders "conclude that [he], among others, *is a wrongful death beneficiary*, as well as an heir-at-law through intestate succession." (Emphasis added.) However, Burley's adjudication as an heir-at-law did not simultaneously adjudicate him to be a "statutory wrongful-death beneficiary" ("listed relative"). *See* footnote 8, *infra*.

4

provides a cause of action to recover for a person's wrongful death caused by the defendant's "real, wrongful, or negligent act or omission." Miss. Code Ann. § 11-7-13 (Rev. 2004). The Statute creates a new and independent cause of action in favor of those named in the statute. ***Partyka v. Yazoo Dev. Corp.***, 376 So. 2d 646, 650 (Miss. 1979) (citing ***Hasson Grocery Co. v. Cook***, 196 Miss. 452, 459, 17 So. 2d 791 (1944)). The Statute provides, in pertinent part, as follows:

> [T]he action for such damages may be brought in the name of the personal representative of the deceased person or unborn quick child for the benefit of all persons entitled under the law to recover, or by widow for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child or unborn quick child, or in the name of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or all parties interested may join in the suit, and there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits . . . .

> [I]n an action brought pursuant to the provisions of this section by the widow, husband, child, father, mother, sister or brother of the deceased or unborn quick child, or by all interested parties, such party or parties may recover as damages property damages and funeral, medical or other related expenses incurred by or for the deceased as a result of such wrongful or negligent act or omission or breach of warranty, whether an estate has been opened or not. Any amount, but only such an amount, as may be recovered for property damage, funeral, medical or other related expenses shall be subject only to the payment of the debts or liabilities of the deceased for property damages, funeral, medical or other related expenses. All other damages recovered under the provisions of this section shall not be subject to the payment of the debts or liabilities of the deceased, except as hereinafter provided, and such damages shall be distributed as follows:

> [D]amages for the injury and death of a married man shall be equally distributed to his wife and children, and if he has no children all shall go to his wife; damages for the injury and death of a married woman shall be equally distributed to the husband and children, and if she has no children all shall go to the husband; and if the deceased has no husband or wife, the damages shall

5

be equally distributed to the children; if the deceased has no husband, nor wife, nor children, the damages shall be distributed equally to the father, mother, brothers and sisters, or such of them as the deceased may have living at his or her death. If the deceased have neither husband, nor wife, nor children, nor father, nor mother, nor sister, nor brother, then the damages shall go to the legal representative, subject to debts and general distribution, and the fact that the deceased was instantly killed shall not affect the right of the legal representative to recover.

Miss. Code Ann. § 11-7-13 (Rev. 2004).

¶11. The Statute provides three categories of potential wrongful-death claimants who may commence a wrongful-death action. The action may be brought "(1) by the *personal representative* on behalf of the estate and all other persons entitled to recover; (2) by one of the *wrongful death beneficiaries*[5] on behalf of all persons entitled to recover; or (3) by 'all *interested parties* . . . .'" ***Long v. McKinney***, 897 So. 2d 160, 168 (Miss. 2004) (emphasis added). Each category of potential wrongful-death claimants has an equal right to initiate the suit. ***J.J. Newman Lumber Co. v. Scipp***, 128 Miss. 322, 91 So. 11 (1922). Therefore, it is useful to define these categories of potential wrongful-death claimants, to the extent possible, and to determine if Burley qualifies as one of them.

    *1.    Whether Burley has standing as a personal representative.*

---

[5] The "wrongful death beneficiaries" enumerated in the statute are the decedent's immediate family members, *i.e.*, "the widow, husband, child, father, mother, sister [and] brother of the deceased." Miss. Code Ann. § 11-7-13. These family members are known to the bench and bar by the term of art, "statutory wrongful-death beneficiaries." However, the wrongful-death action can be brought by persons other than a family member, namely the decedent's personal representative or an "interested party," who also may "benefit" from recovering damages from the wrongful-death suit. Thus, we will not use the term "beneficiaries" to describe these family members, since any potential wrongful-death claimant technically could be considered a "beneficiary." Instead, for the sake of clarity, we will refer to these family members as "listed relatives," and we shall refer to all three categories of claimants by the umbrella term, "potential wrongful-death claimants."

6

¶12.  "Personal representative" is defined as "[a] person who manages the legal affairs of another because of incapacity or death," and when it is used by a testator, the term refers to an executor or administrator of the estate.  Black's Law Dictionary 1045 (abr. 7th ed. 2000).  *See also Hill v. James*, 252 Miss. 501, 507-08, 175 So. 2d 176, 179 (1965) (finding terms "personal representative" and "legal representative" to be synonymous, defined simply as "executors and administrators of persons deceased").

¶13.  These titles signify a representative capacity, as distinguished from an individual capacity, even though each representative's method of appointment may differ, administrators by law and executors by will.  *Sealy v. Goddard*, 910 So. 2d 502, 508 (Miss. 2005).  The authority of the chancery court to appoint an administrator exists only in cases of intestacy.  However, an executor is named by the testator in the will, and he thus derives his authority from it and is charged with its execution.  *Ricks v. Johnson*, 134 Miss. 676, 99 So. 142, 146 (1924).

¶14.  First, we must determine if Burley's appointment as administrator of Joshua and Jakura Hill's estates was sufficient to give Burley standing to bring the wrongful-death action as a personal representative.

¶15.  This Court's recent decision in *Delta Health Group, Inc. v. Estate of Pope*, 995 So. 2d 123 (Miss. 2008), is instructive in resolving the current question.  In *Pope*, Ellen Pope's great-nephew, James Payne, filed a wrongful-death suit against Delta Health Group.  *Id.*  At the time Payne filed his complaint, no estate had been opened for the decedent, and thus, Payne had not been appointed as administrator.  *Id*. at 125.

7

¶16.    Approximately seven months after filing the wrongful-death complaint, Payne filed a petition for letters of administration.  *Id*. at 124.  Delta subsequently filed a motion to dismiss, or in the alternative, motion for summary judgment for lack of standing, averring that Payne lacked standing to assert claims on behalf of Pope's estate, and further that Payne did not qualify as a "listed relative" pursuant the wrongful-death statute, as he was "merely the son of one of Ellen Pope's surviving nieces."  *Id*.

¶17.    Before the trial court ruled on Delta's motion, Payne filed a motion to substitute. Payne asserted he had standing to bring the action because he had been appointed administrator of Ellen Pope's estate.  *Id*.  The trial court agreed with Payne and allowed the substitution.  *Id*.  Thereafter, the trial court denied Delta's motion to dismiss, or in the alternative, motion for summary judgment, finding that "James Payne had standing to file the subject lawsuit and/or properly substituted himself as the Administrator of the Estate of Ellen Pope, deceased."  *Id*.

¶18.    Delta filed a petition for interlocutory appeal, which this Court granted.  *Id*. at 125. On appeal, we reversed the trial court, holding that Payne lacked standing to file the wrongful-death action.  Specifically, we stated:

> It is undisputed that when this complaint was filed, no estate had been opened on behalf of Ellen Pope. This Court has held, "It is certainly an undisputable and invariable rule of law that a right of action must be complete when an action therefor is commenced. . . ." ***Crawford Commercial Constructors, Inc. v. Marine Indus. Residential Insulation, Inc.***, 437 So. 2d 15, 16 (Miss. 1983) (citations omitted). The complaint was filed on August 25, 2004, and Payne did not file his Petition for Letters of Administration until February 11, 2005. ***Long v. McKinney*** requires that, "[i]n the event the litigants wish to pursue a claim on behalf of the estate of the deceased, such estate must, of course, be opened and administered through the chancery court." ***Long v. McKinney***, 897 So. 2d 160, 174 (Miss. 2004). The record is

clear that at the time of the filing of the complaint, no estate had been opened on behalf of Pope, thus Payne was not the administrator of a non-existent estate. . . .

The United States Supreme Court has ruled that "standing is to be determined as of the commencement of suit." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571, 112 S. Ct. 2130, 2142, 119 L. Ed. 2d 351, 371 (U.S. 1992) (emphasis added). The fact that Payne subsequently was appointed as administrator does not change the undisputable fact that Payne lacked standing to commence the suit.

*Pope*, 995 So. 2d at 125-26.[6]

¶19. Here, as in *Pope*, at the time the lawsuit was initiated, Burley was not the administrator of Joshua's and Jakura's estates. The complaint was filed on June 7, 2004, at which time, no estate had been opened on behalf of Joshua or Jakura. Burley did not file his petitions for appointment of administrator and for issuance of letters of administration until June 2, 2005. He was not formally appointed as administrator of the estates of Joshua and Jakura Hill until June 23, 2005, more than one year after he commenced the wrongful-death

---

[6] *Pope* also states that "Mississippi Code Annotated Section 91-7-233 (Rev. 2004) holds that '[e]xecutors, administrators, and temporary administrators may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted.' Payne held none of the offices mentioned therein when suit was commenced." *Pope*, 995 So. 2d at 126. Mississippi Code Section 91-7-233, called the "survival statute," is a separate and distinct law that allows only the personal representative to bring a suit that the decedent could have brought. However, "[w]hen the same wrongful conduct causes both personal injury and death, at the instant of death, the recovery for the personal injury is embraced by the 'one suit' for wrongful death and is not actionable by the estate under the survival statute." *In re Estate of England*, 846 So. 2d 1060, 1068 (Miss. Ct. App. 2003) (citing *Edward Hines Yellow Pine Trustees v. Stewart*, 135 Miss. 331, 347, 100 So. 12, 14 (1924)). Therefore, the survival statute was inapplicable to the suit in *Pope*. The wrongful-death statute, as discussed herein, allows the suit to be brought by the personal representative, certain listed relatives, and "interested parties." Miss. Code Ann. § 11-7-13 (Rev. 2004).

suit. As no estate had been opened at the time the complaint was filed, Burley could not have been the administrator of nonexistent estates. *Pope*, 995 So. 2d at 126.

¶20. The fact that Burley subsequently was appointed administrator of the estates of Joshua and Jakura does not change the fact that Burley lacked standing, as a personal representative, to commence the suit because "standing is to be determined as of the commencement of suit." *Pope*, 995 So. 2d at 126 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571, 112 S. Ct. 2130, 2142, 119 L. Ed. 2d 351, 371 (1992)).

¶21. Since Burley was not the administrator of the estates of Joshua and Jakura Hill at the time he filed the wrongful-death action, he could not qualify as a personal representative of the children's estates based on his after-acquired status as administrator. Thus, he did not have standing, as a personal representative, to file this wrongful-death action.

*2. Whether Burley has standing as a listed relative.*

¶22. The Statute provides a list of certain identified family members of the decedent, whom we shall call "listed relatives," who may bring a wrongful-death action. The Statute enumerates only the decedent's "widow or children . . . or husband or father or mother, or sister, or brother . . . ." Miss. Code Ann. § 11-7-13 (Rev. 2004).

¶23. Burley, as Joshua and Jakura's grandparent, is not one of the "listed relatives" who may bring suit. The Legislature did not confer upon grandparents standing to bring wrongful-death actions, and it is beyond this Court's prerogative to expand the list of relatives who may do so. *Pope*, 995 So. 2d at 126. Therefore, Burley lacked standing, as a "listed relative," to bring the instant suit on behalf of Joshua and Jakura Hill.

*3. Whether Burley has standing as an interested party.*

¶24. First, we must determine whether an "interested party" may commence a wrongful-death action, or merely join one. The first paragraph of the Statute provides that an action may be brought "in the name of the personal representative of the deceased person[,]" or "by [one of the listed relatives ]," or "all parties interested *may join in the suit . . . .*" Miss. Code Ann. § 11-7-13 (Rev. 2004) (emphasis added). However, the Statute goes on to allow "an action [to be] *brought* . . . by the widow, husband, child, father, mother, sister or brother of the deceased . . . , or *by all interested parties*." *Id.* (emphasis added). Recognizing this language, we have stated that:

> [T]here are three alternatives for bringing a wrongful death suit: (1) by the personal representative on behalf of the estate and all other persons entitled to recover; (2) by one of the [listed relatives] on behalf of all persons entitled to recover; or (3) by "all interested parties . . . ."

*Long*, 897 So. 2d at 168 (quoting Miss. Code Ann. § 11-7-13).[7] Therefore, we hold, consistent with *Long*, that, not only may an interested party *join* a wrongful-death suit, but an interested party may *initiate* a wrongful-death action under the terms of the Statute.

¶25. Next, we must determine if Burley qualifies as an "interested party." No Mississippi case has explicitly defined who qualifies as an "interested party" for purposes of the wrongful-death statute. However, this Court previously has determined that one who qualifies as an heir of the deceased also qualifies as an interested party under the wrongful-

---

[7] We have since noted that "a wrongful death action may be brought 'by all interested parties,' and 'all parties interested may join the suit[.]'" *Estate of Klaus ex rel. Klaus v. Vicksburg Healthcare, LLC*, 972 So. 2d 555, 559 n.3 (Miss. 2007) (quoting Miss. Code Ann. § 11-7-13).

11

death statute.[8]  In ***Alack v. Phelps***, 230 So. 2d 789 (Miss. 1970), we held that adopted twin boys could still inherit from their natural father, and we specifically stated that the boys were "interested parties" under the wrongful-death statute and should have been included in the wrongful-death action for their natural father's death.  *Id.* at 793.  *See also*, ***Estate of Jones v. Howell***, 687 So. 2d 1171, 1175 (Miss. 1996) (holding, without labeling him an interested party, that adopted child could bring wrongful-death action for the death of his natural father); ***McLemore v. Gammon***, 468 So. 2d 84, 86 (Miss. 1985) (holding, without labeling them interested parties, that adoptive brothers and sisters of adopted child killed in car accident could bring wrongful-death action to the exclusion of the adopted child's natural siblings); ***Long***, 897 So. 2d at 169.[9]

---

[8] A person who qualifies as a "statutory heir" is one who is eligible to inherit from the decedent under our intestate descent and distribution statutes, and who therefore may be adjudicated by the chancery court as an heir-at-law of the decedent.  Miss. Code Ann. §§ 91-1-1 to -31 (Rev. 2004).  Such a "statutory heir" does not necessarily qualify as a "listed relative" under Mississippi's wrongful-death statute.  Miss. Code Ann. § 11-7-13 (Rev. 2004).  The descent and distribution statutes enumerate as "statutory heirs," in descending order of priority, the decedent's spouse and children, the decedent's siblings and  parents, and the decedent's grandparents, uncles, and aunts.  Miss. Code Ann. §§ 91-1-1 to -11. The "listed relatives" in the wrongful-death statute, however, do not include the decedent's grandparents, uncles, or aunts.  Miss. Code Ann. § 11-7-13.  Therefore, a person like Burley – who qualifies as a "statutory heir" under Section 91-1-3 by virtue of being Joshua and Jakura's grandfather – does not qualify as a "listed relative" under Section 11-7-13, and would not have standing as such to bring a wrongful-death action.  However, that person *may have* standing as an "interested party" to bring a wrongful-death action if none of the higher-priority, statutory heirs survives the decedent.  Burley is an example of such an interested party, and his adjudication as an heir-at-law of Joshua and Jakura Hill confirmed that status.

[9] Our decision in ***Long*** noted that "[t]he possible [wrongful-death] claimants are (1) *the heirs (under the will or pursuant to the intestate succession statutes)*, (2) the estate, and (3) the statutory wrongful death beneficiaries."  ***Long***, 897 So. 2d at 169 (emphasis added).  ***Long***'s categories (2) and (3) coincide with the statutory categories "personal representative" and "listed relatives," respectively.  Thus, ***Long*** recognized without stating that the first

¶26. We hold that Burley qualifies as an interested party under the wrongful-death statute, and therefore, he had standing to bring this action. Burley is a blood relative of Joshua and Jakura Hill, and because Francesca Hill – Joshua and Jakura's mother and their only available "listed relative" – was killed in the same accident that tragically claimed Joshua's and Jakura's lives, she was removed from the line of descent and distribution. Thus, at the moment of their deaths, Burley held the status of an heir of Joshua and Jakura Hill, such that, under our laws of intestate descent and distribution, he would have been entitled to inherit property from them. Miss. Code Ann. §§ 91-1-1 to -31 (Rev. 2004). His later adjudication by the chancery court as an heir-at-law of the children merely confirmed this status. Thus, when he commenced the suit, Burley qualified as an "interested party" under the terms of the Statute, and he was an appropriate wrongful-death claimant under the facts of this case.

¶27. YVEPA, however, argues that, under the clear language of ***Long v. McKinney***, Joshua and Jakura's estates "must, of course, be opened and administered through the chancery court" before Burley may pursue a wrongful-death claim on behalf of the estate. *See **Long***, 897 So. 2d at 174. We do not think the holding in ***Long*** is applicable to this case, for the following reasons.

¶28. Burley did not sue on behalf of the estates of Joshua and/or Jakura Hill. He brought his action as "*James A. Burley, Parent/Guardian and Next Best Friend of Francesca Hill, Joshua Hill and Jakura Hill, Minors*." Although this wording is awkward, it is clear that Burley's complaint does not indicate that Burley brought the suit as personal representative

category we mentioned, "the heirs," logically coincides with "interested parties."

13

of the deceased children or on behalf of the children's estates. In fact, Burley's complaint stated that "the *Plaintiff, James A. Burley*, lost the life of his daughter and [two] grandchildren." (Emphasis added.) It indicates that he, individually, had suffered injury. Thus, the original complaint makes no claims on behalf of the estates of either Joshua or Jakura Hill.

¶29. Burley's amended complaint, however, is different. The amended complaint asks for compensatory and punitive damages, as well as damages for "*medical expenses, funeral expenses, and damages to personal property*." (Emphasis added.) It is not inconceivable that this language in Burley's amended complaint, seeking "pre-death and funeral damages," indicates that Burley was bringing an action on behalf of the estates of Joshua and Jakura Hill.

¶30. YVEPA picks up on this language and argues that Burley's claims concerning Joshua and Jakura Hill necessarily were brought on behalf of their estates. YVEPA cites *In re Estate of England*, and argues that "if none of the listed relatives survives the decedent, the damages become an asset of the decedent's estate." *England*, 846 So. 2d 1060, 1066 (Miss. Ct. App. 2003) (citing *Smith v. Garrett*, 287 So. 2d 258, 261 (Miss. 1973)). Therefore, YVEPA argues, under *England*, that Burley must have brought the suit on behalf of the estates of Joshua and Jakura Hill, because none of their listed relatives survived. We disagree.

¶31. The wrongful-death statute differentiates between who has the authority, or standing, to bring the suit and which wrongful-death claimants may recover what damages, and when

14

they may do so.[10]  The Statute confers priority as to which listed relatives may recover damages, but it does not play favorites  regarding which potential wrongful-death claimant may bring the suit.  *See* Miss. Code Ann. § 11-7-13 (Rev. 2004).  The paragraph concerning who may bring the action simply lists the prospective plaintiffs (the personal representative, listed relatives, and interested parties) in a series, separated by "or."  Miss. Code Ann. § 11-7-13.  No potential wrongful-death claimant has priority over another.  *See **J.J. Newman Lumber Co.***, 91 So. at 11.

¶32.   The paragraph delineating which listed relatives may recover damages, however, does set out priority.  Miss. Code Ann. § 11-7-13.  It provides that "if [the decedent] has no children all shall go to his wife"; and "if she has no children all shall go to the husband"; and "if the deceased has no husband or wife, the damages shall be equally distributed to the children"; and "if the deceased has no husband, nor wife, nor children, the damages shall be distributed equally to the father, mother, brothers and sisters, or such of them as the deceased may have living at his or her death."  *Id.*  This language clearly indicates a hierarchy of priority as to who may recover damages under the Statute.

¶33.   Our holding today recognizes the statutory distinction between a party's authority to bring the wrongful-death action and the party's ability to recovery damages from it.  Burley brought this action as an "interested party," a status he held because of his qualification as

_____

[10] We have recognized that "Mississippi's wrongful death statute specifies certain individuals who may bring an action for wrongful death and certain other individuals who may benefit from the proceeds of the claim."  ***Coleman Powermate, Inc. v. Rheem Mfg. Co.***, 880 So. 2d 329, 333 (Miss. 2004) (citing R.D. Hursh, Annotation, *Assignability of Claim for Personal Injury or Death*, 40 A.L.R.2d 500, § 9[a], at 514, 1955 WL 10256 (1955)).

an heir-at-law of Joshua and Jakura Hill. Burley's later-acquired status as administrator of their estates did not confer upon him standing, as personal representative or otherwise, to commence the wrongful-death *action*, but merely gave him authority to bring additional *claims* within that action for certain damages on behalf of the estates.

¶34. Hence, Burley brought many different claims within his wrongful-death action. He included claims for his own individual injuries (such as loss of society and companionship, etc.) and claims for property damage and medical and funeral expenses, which may be characterized as claims of the estates. *See **Caves v. Yarbrough***, 991 So. 2d 142, 149-50 (Miss. 2008) (holding that "the Mississippi wrongful-death statute . . . encompasses all claims – including survival claims which could have been brought by the decedent, wrongful-death claims, estate claims, and other claims."). Burley was required to bring the so-called "estate claims" because the statute instructs that "there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned." Miss. Code Ann. § 11-7-13.[11] However, the fact that Burley happens to be seeking the same damages as Joshua's and Jakura's estates would seek, namely medical and funeral expenses, does not change the nature of Burley's suit nor his standing as an interested party to bring it.

¶35. Each wrongful-death claimant's ability to recover damages, and the point when that ability becomes available, is a separate question. The Statute's first paragraph sets out the

---

[11] Whoever initiates the wrongful-death action has a fiduciary obligation to all the other potential claimants, who may join in the suit. Specifically, we have explained that "bringing suit in such a representative capacity renders the named plaintiff a fiduciary to all he or she proposes to represent, . . . . [who] must trust the named plaintiff to properly prosecute the litigation . . . and handle all funds recovered as trust funds for the benefit of those entitled to them." ***Long***, 897 So. 2d at 169.

potential wrongful-death claimants, allowing the wrongful-death action to be brought by the personal representative of the decedent, by a listed relative, or by an interested party. Miss. Code Ann. § 11-7-13 (Rev. 2004). In a later paragraph, however, the Statute provides that the decedent's property damages and medical and funeral expenses may be recovered by the listed relatives or the interested parties, whether or not an estate has been opened. *Id.* "Personal representative" is left out of this section.

¶36. Therefore, each claimant's ability to recover these damages becomes available at different times. That difference is tantamount to the fact that the estate "must, of course, be opened and administered through the chancery court" before the claimant may pursue a wrongful-death claim on behalf of the estate. *Long*, 897 So. 2d at 174. In other words, a claimant cannot bring claims on behalf of an estate that does not yet exist. Hence, Burley amended his complaint specifically to seek damages for property damage and medical and funeral expenses only after he was appointed administrator of Joshua and Jakura Hill's estates. Burley had *standing* to bring the suit as an interested party from the moment of Joshua's and Jakura's deaths, but he gained the *ability* to recover on behalf of the estates only after those estates came into existence and he was appointed administrator.

¶37. The estate has no greater right to bring the suit than does a listed relative or an interested party. *J.J. Newman Lumber Co.*, 91 So. at 11; *England*, 846 So. 2d at 1066. Listed relatives, on the other hand, do have priority in recovering damages. All damages other than those for property damage and medical and funeral expenses are distributed according to the hierarchy of listed relatives discussed above. Miss. Code Ann. § 11-7-13. But if none of the listed relatives survives the decedent, those damages become an asset of

17

the decedent's estate and are also used in payment of the estate's debts, with any residue to be distributed according to the will or under the laws of descent and distribution in the case of intestacy. *Smith v. Garrett*, 287 So. 2d 258, 261 (Miss. 1973); *England*, 846 So. 2d at 1066. Therefore, no matter who brings the suit, the damages recovered from the suit (other than for individual claims) necessarily will fall to the estate in the event that none of the Statute's listed relatives survives the decedent.

¶38. To sum up, because Burley brought this wrongful-death action as an interested party, he may recover damages for the children's property damage, if any, and for their medical and funeral expenses, even though he brought suit before the estates were opened. However, those damages are, pursuant to the Statute's clear terms, subject to the debts and liabilities of Joshua and Jakura Hill's estates. Furthermore, since Joshua and Jakura were not survived by any of the Statute's listed relatives, all other damages Burley may recover (other than his own individual damages)[12] will also become assets of those estates, subject to the estates' debts and liabilities.[13] However, Burley's ability, or the lack thereof, to seek and/or recover certain damages at specific times from the wrongful-death suit does not determine the character of his standing as a particular type of wrongful-death claimant.

¶39. YVEPA's final argument is that Burley occupies the same restricted status in relation to Joshua and Jakura Hill as the claimant in *Pope* held, and that, therefore, Burley has no standing. We disagree.

---

[12] *See* footnote 1, *supra*.

[13] That fact is of little consequence, though, because Burley has been appointed the administrator of the estates, and he stands to inherit through the estates as an heir-at-law.

18

¶40. Payne, the claimant in *Pope*, does not fit the mold of an "interested party" under the terms of the Statute. First, Payne was merely the son of one of the decedent's surviving nieces. *Pope*, 995 So. 2d at 124. Thus, Payne would not have been entitled to inherit property under our laws of intestate descent and distribution because he was too far removed from those who would have been so entitled, namely the surviving nieces. *See* Miss. Code Ann. §§ 91-1-1 to -31 (Rev. 2004). Second, because Payne was not within the class of persons entitled to recover, he could not be, and never was, adjudicated to be an heir-at-law of the decedent. *Pope*, 995 So. 2d at 126. Thus, Payne had no relationship with or connection to the decedent at the time of her death which would confer standing upon him as an "interested party" under the Statute. *Id.* Payne's later appointment as administrator of the decedent's estate did not change this.[14]

## CONCLUSION

¶41. We find that the circuit court incorrectly concluded that Burley lacked standing to commence a wrongful-death action for the deaths of his grandchildren. Although Burley did not qualify as a "personal representative" or a "listed relative" of Joshua and Jakura Hill, he was an "interested party" because of his relationship as an inheriting heir of the deceased children, a status which later was confirmed by the chancery court's heirship determination. Therefore, the Yazoo County Circuit Court's grant of summary judgment in favor of YVEPA

---

[14] It bears noting that the claimant in *Pope* likely was appointed administrator only by misrepresenting his relationship to the decedent. *See Pope*, 995 So. 2d at 124 (noting that Payne claimed to be the decedent's nephew, the son of her sister, but later was found to be her great-nephew, the son of her sister's daughter, the decedent's niece).

is, reversed, and this case is remanded to that court for further proceedings consistent with this opinion.

¶42.    **REVERSED AND REMANDED.**

   **CARLSON, P.J., DICKINSON, RANDOLPH, LAMAR, CHANDLER AND PIERCE, JJ., CONCUR.    GRAVES, P.J., CONCURS IN RESULT ONLY. KITCHENS, J., CONCURS IN PART AND IN RESULT WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, P.J.**

   **KITCHENS, JUSTICE, CONCURRING IN PART AND IN RESULT:**

¶43.    I agree that summary judgment was improper because Mr. Burley was not prohibited from initiating this wrongful-death action as an interested party.  However, I disagree with the decision's implication that a cause of action belonging to an intestate estate cannot exist until an administration has begun.

¶44.    Relying on ***Delta Health Group, Inc. v. Estate of Pope***, 995 So. 2d 123, 126 (Miss. 2008), the majority concludes that "[a]s no estate had been opened at the time the complaint was filed, Burley could not have been the administrator of nonexistent estates."  Maj. Op. at ¶ 19.  I respectfully disagree with this rationale, for an estate does not come into existence upon commencement of an administration in chancery court.  The estates of Joshua and Jakura existed before their grandfather was granted letters of administration, as did any and all causes of action belonging to these estates.  The flaw of today's decision, and that of ***Pope***, is in their implication that a cause of action belonging to the estate of a decedent cannot come into being until administration of the estate has begun.  *See **Pope***, 995 So. 2d at 125 ("a right of action must be complete when an action therefor is commenced") (quoting

20

***Crawford Commercial Constructors v. Marine Indus. Residential Insulation, Inc.***, 437 So. 2d 15, 16 (Miss. 1983)).

¶45.    At the time Mr. Burley filed this action, it was not that he lacked *standing* to sue on behalf of the deceased children's estates; he simply did not then have the *capacity* to sue as a personal representative.  Although the terms are closely related, they are distinct. "Basically put, the capacity to sue is the right to come into court.  It is distinguishable from standing to sue which is a right to relief, which goes to the existence of the cause of action." 67A C.J.S. Parties § 11 (2008) (citations omitted).  Standing is not at issue; there can be no dispute that the cause of action existed at the time Mr. Burley filed his complaint.  What Mr. Burley lacked at that time was the formal capacity to sue on behalf of his grandchildren's estates.

¶46.    There may be instances, as when expiration of a statute of limitations is imminent, and unforseen circumstances have thrust one into a representative capacity, when he or she must file suit before receiving letters of administration.  In such instances, he or she should be able to toll the statute by filing suit and seeking appointment immediately thereafter.  An estate's ability to litigate should not be denied or impaired because no personal representative of a decedent has been formally appointed and duly qualified at a time when it is expedient for a claim or claims to be preserved by the filing of suit.  In such circumstances, appointment of a personal representative should be sought without unreasonable delay.

¶47.    For these reasons, I respectfully concur in part and in result.

**GRAVES, P.J., JOINS THIS OPINION.**